NOTICE: Under Supreme Court Rule 367 a party has 21 days after the filing of the opinion

to request a rehearing. Also, opinions are subject to modification, correction or withdrawal at

anytime prior to issuance of the mandate by the Clerk of the Court. Therefore, because the

following slip opinion is being made available prior to the Court's final action in this matter,

it cannot be considered the final decision of the Court. The official copy of the following

opinion will be published by the Supreme Court's Reporter of Decisions in the Official

Reports advance sheets following final action by the Court.

                                    

                 Docket No. 80273--Agenda 22--May 1996.

      CINDY MILLER, Appellee, v. DR. NARENDRA K. GUPTA et al. (Dr.

                     Narendra K. Gupta, Appellant).

                     Opinion filed October 24, 1996.

     JUSTICE HEIPLE delivered the opinion of the court:

     Plaintiff, Cindy Miller, filed an action in the circuit court

of Marion County against Dr. Narendra K. Gupta alleging in two

counts medical malpractice and spoliation of evidence. The trial

court dismissed Miller's first-amended complaint in its entirety

with prejudice. The appellate court reversed, finding that the

trial court abused its discretion in dismissing the medical

malpractice count, and remanded so that Miller could amend her

pleadings regarding spoliation of evidence. 275 Ill. App. 3d 539.

We granted Gupta's petition for leave to appeal (155 Ill. 2d R.

315).

     In both counts of her first-amended complaint, Miller alleges

that in February 1989, Gupta performed a surgical procedure on her

left foot. In March of 1991, she contacted a podiatrist, Dr.

William Hess, because of additional problems with her left foot,

including stumbling, loss of balance and misalignment of one of her

toes. Hess told Miller that she suffered from a transfer wound and

misalignment of her toe and that these conditions may have resulted

from medical malpractice committed by Gupta. Hess informed Miller

that he would need to see the X rays taken prior to and after the

surgery performed by Gupta to determine if Gupta had committed

malpractice.

     In August of 1991, Miller's attorney requested her medical

records from Gupta. On October 30, 1991, Gupta informed the

attorney that Miller's X rays had been inadvertently destroyed by

the St. Mary's Hospital housekeeping department.

     Understanding the above facts is not complete without

mentioning two discovery depositions appearing in the record. In

the first, Gupta stated that he took X rays of Miller's foot on an

X-ray machine in his office at the time of her surgery, that the X

rays were obtained from his files in October 1991 in response to

the attorney's request, and that he placed the X rays on the floor

against the wall and behind his chair so that he could take them to

St. Mary's for copying. Gupta admitted that his wastebasket was

approximately three feet from where he placed the X rays. Gupta

stated that his office is located in a building separate from but

adjacent to St. Mary's and that he contracted with St. Mary's for

his office to be cleaned. In the second deposition, Cathy Joliff,

an employee of St. Mary's housekeeping department, testified that

she was assigned to clean Gupta's office and that she regularly

disposed of X-ray jackets which were in the trash or located near

the trash. She believed that Miller's X rays were thrown out when

she cleaned Gupta's office and later destroyed in the hospital's

incinerator.

     In the first count (hereinafter, medical malpractice count) of

her first-amended complaint, Miller further alleges that Gupta

performed a procedure on her foot that was not required by

preoperative observations, failed to perform the procedure with

ordinary skill, failed to perform a medically preferred procedure,

and failed to obtain her consent. Miller did not attach a

certificate of merit and written report of a health professional to

her complaint, as required by statute in medical malpractice

actions (735 ILCS 5/2--622 (West 1994)). Rather, Miller's attorney

attached an affidavit to the complaint stating that he had

requested Miller's medical records, that 60 days had passed since

his request, and that Gupta had informed him that the subject

records had been destroyed. See 735 ILCS 5/2--622(a)(3) (West

1994).

     In the second count (hereinafter, spoliation of evidence

count), Miller alleges spoliation of evidence in that Gupta

destroyed her X rays in violation of the X-Ray Retention Act and in

that Gupta negligently or intentionally caused or permitted the

destruction of her X rays. Miller then alleges that she was unable

to obtain a certificate of merit and written report because her X

rays had been destroyed, thereby depriving her of any remedy

obtainable under the medical malpractice count.

     The trial court granted Gupta's motion to dismiss both counts,

finding that Miller failed to attach the required certificate of

merit and written report and that Gupta did not have a duty to

preserve and maintain the X rays. The appellate court reversed in

part, concluding that the trial court abused its discretion in

dismissing the medical malpractice count for Miller's failure to

file a section 2--622 certificate of merit. In so ruling, the

appellate court stated that as a substitute for the section 2--622

written report, Miller should attach to her complaint a physician's

certificate confirming that the missing X rays are necessary to the

determination of whether Gupta committed malpractice. Regarding the

spoliation of evidence count, the appellate court found that while

Miller could not state a cause of action against Gupta for a

violation of the X-Ray Retention Act, she should have the

opportunity to amend this count to conform with this court's

decision in Boyd v. Travelers Insurance Co., 166 Ill. 2d 188

(1995), which was issued while the instant cause was on appeal.

     The issues before this court are whether the appellate court

erred in (1) finding that the trial court abused its discretion in

dismissing the medical malpractice count and (2) allowing Miller

the opportunity to amend the spoliation of evidence count to

conform with this court's decision in Boyd.

                                 ANALYSIS

     Section 2--622(a)(1) of the Code of Civil Procedure requires

that the plaintiff in a medical malpractice action attach an

affidavit to the complaint stating that a health professional has

been consulted and that the health professional has determined

"that there is a reasonable and meritorious cause" for filing the

action. Further, a copy of the health professional's written

report, indicating the basis for the "meritorious" determination,

must be attached to the affidavit. 735 ILCS 2--622(a)(1) (West

1994). Section 2--622(a)(3) provides that a plaintiff can file an

affidavit stating that a request for the examination and copying of

medical records has been made and that the party responsible for

complying with the request has failed to produce the requested

medical records within 60 days. Section 2--622(a)(3) allows a

plaintiff 90 days from the receipt of the requested medical records

to file the certificate and written report required by section 2--

622(a)(1). The Code further provides that the failure to file a

certificate of merit "shall be grounds for dismissal." 735 ILCS

5/2--622(g) (West 1994).

     In the instant cause, Gupta asserts that a trial court's

decision to dismiss an action for the plaintiff's failure to file

a section 2--622 certificate of merit should not be overturned

absent a manifest abuse of discretion. See Winters v. Podzamsky,

252 Ill. App. 3d 821, 827 (1993); Peterson v. Hinsdale Hospital,

233 Ill. App. 3d 327, 330 (1992). Gupta argues that the trial court

did not abuse its discretion in dismissing the instant medical

malpractice count because section 2--622 requires a certificate of

merit and Miller failed to attach one. Gupta further argues that

the appellate court's decision effectively allows Miller to proceed

with her medical malpractice claim without requiring her to show

that the action is meritorious as contemplated by section 2--622.

Miller counters that a pleading requirement, such as the filing of

a 2--622 certificate of merit, should not be turned into a

substantive defense which forever bars a decision on the merits.

     In spite of Miller's argument, the legislature has made the

filing of a section 2--622 certificate of merit a condition of

proceeding with a meritorious medical malpractice action. 735 ILCS

5/2--622 (West 1994). Here, the trial court did not abuse its

discretion in dismissing the medical malpractice count for Miller's

failure to file a certificate of merit. In her complaint, Miller

specifically alleges that "the accuracy of Dr. Gupta's observations

and an assessment of his judgment and skill could not be determined

with certainty absent review of the subject x-rays." In addition,

in her brief before this court Miller concedes that she will never

be able to comply with the section 2--622 certificate of merit

requirement without the destroyed X rays and that the allegations

of medical malpractice "cannot be established with certainty

without the x-rays."

     From Miller's admissions and the specific facts of this case,

we conclude that Miller will never be able to file a certificate of

merit as contemplated and required by section 2--622 and may not be

able to prove her medical malpractice claim without the missing X

rays. In fact, the appellate court acknowledged as much when it

stated that Miller should attach to her complaint a physician's

certificate stating that the X rays are necessary to a

determination of whether malpractice was committed. What the

appellate court failed to acknowledge, however, is that without the

X rays Miller cannot assert a "meritorious" cause of action. Since

Miller did not and will never be able to comply with section 2--

622, Miller cannot proceed with her medical malpractice claim. The

particular facts and circumstances of this case show that the trial

court properly dismissed the medical malpractice count. 735 ILCS

5/2--622(g) (West 1994). Thus, the appellate court erred in ruling

that the trial court abused its discretion in dismissing this

count.

     Miller suggests that this court apply principles of equity and

allow her to pursue the medical malpractice action, notwithstanding

her inability to comply with section 2--622, because she did not

destroy the X rays. While we acknowledge that Miller was not at

fault for the X rays' destruction, the simple fact remains that

without the X rays, Miller cannot file a certificate of merit and

written report and may not be able to prove the medical malpractice

claim in a court of law. The appropriate remedy in this cause is

not for Miller to pursue a medical malpractice action, but rather

for Miller to pursue a cause of action against Gupta for spoliation

of evidence.

     Further, we observe that in enacting section 2--622, the

legislature did provide plaintiffs an extension of time within

which to file a certificate of merit and written report when

medical personnel fail to timely provide requested medical records.

735 ILCS 5/2--622(a)(3) (West 1994). However, the legislature did

not provide an exception for those occasions when medical personnel

are incapable of turning over all relevant and necessary medical

records. It is the legislature's, and not this court's,

responsibility to create exceptions to the section 2--622

requirements. Accordingly, we reverse the appellate court's finding

that the trial court abused its discretion in dismissing the

medical malpractice count.

     Turning to the spoliation of evidence count of Miller's first-

amended complaint, we initially observe that the count is

inartfully drafted. Miller alleges spoliation of evidence both in

that Gupta destroyed her X rays in violation of the X-Ray Retention

Act and in that Gupta "negligently and/or intentionally caused or

permitted the destruction of plaintiff's x-rays."

     Gupta first argues that Miller cannot state a cause of action

against him for the violation of the X-Ray Retention Act because he

does not come under the terms of the Act. We agree. The X-Ray

Retention Act applies only to "[h]ospitals which produce

photographs of the human anatomy." 210 ILCS 90/1 (West 1994). As

Gupta is a physician, the Act does not apply to him. Thus, the

appellate court did not err in concluding that Miller could not

state a cause of action against Gupta for a violation of the X-Ray

Retention Act.

     Next, Gupta argues that the appellate court acted beyond its

authority in allowing Miller the opportunity to amend her pleadings

to conform with this court's decision in Boyd. Boyd was issued

while the instant cause was before the appellate court. Generally,

this court's decisions apply retroactively to causes pending at the

time the decision was announced (Lannom v. Kosco, 158 Ill. 2d 535,

539 (1994)), including those causes on direct review in the

appellate court (Moore v. Centreville Township Hospital, 158 Ill.

2d 543, 547 (1994)). Thus, Boyd applies to the instant cause of

action.

     In Boyd, this court held that an action for negligent

spoliation of evidence can be stated under existing negligence law.

Boyd, 166 Ill. 2d at 194. A plaintiff claiming negligent spoliation

of evidence must plead the existence of a duty owed by the

defendant to the plaintiff, a breach of that duty, an injury

proximately caused by the breach, and damages. Boyd, 166 Ill. 2d at

194-95. This court acknowledged for the first time in Boyd that a

duty to preserve evidence can arise only through an agreement, a

contract, a statute, or another special circumstance or the

defendant's affirmative conduct. Boyd, 166 Ill. 2d at 195.

     Miller alleges that Gupta negligently destroyed or permitted

the destruction of the X rays, resulting in her failure to obtain

a section 2--622 certificate of merit, which in turn deprived her

of a remedy under the medical malpractice count. As Boyd was the

first decision of this court to specifically delineate that a claim

of spoliation of evidence exists under negligence law, Miller

should be allowed the opportunity to amend her spoliation of

evidence count to conform with Boyd.

     In allowing Miller the opportunity to amend, we are cognizant

of Gupta's arguments that Miller did not seek leave to amend in the

trial court and that she failed to allege a duty by Gupta to

preserve the X rays independent of the X-Ray Retention Act. As the

trial court ruled that Gupta did not have a duty to preserve the X

rays, Miller could not seek leave to amend the spoliation of

evidence count in the trial court. In addition, since Boyd for the

first time delineated those instances which give rise to a duty to

preserve evidence, Miller should not be penalized for failing to

allege facts which, under Boyd, can give rise to a duty to preserve

evidence. Accordingly, we find that the appellate court did not err

in allowing Miller the opportunity to amend the spoliation of

evidence count of her first-amended complaint to conform with this

court's decision in Boyd.

     For the above stated reasons, we reverse in part and affirm in

part the judgments of the appellate and circuit courts, and remand

this cause to the circuit court for further proceedings consistent

with this opinion.

Appellate court judgment affirmed in part

                                                    and reversed in part;

                                  circuit court judgment affirmed in part

                                                    and reversed in part;

                                                          cause remanded.

                                                                         

     CHIEF JUSTICE BILANDIC, specially concurring:

     I agree with the majority's conclusion that the medical

malpractice count must be dismissed because the plaintiff, Cindy

Miller, failed to file a certificate of merit as required by

statute (735 ILCS 5/2--622 (West 1994)). I also agree with the

majority's holding that this cause be remanded to give Miller the

opportunity to state a spoliation claim under Boyd v. Travelers

Insurance Co., 166 Ill. 2d 188 (1995).

     I write separately, however, to clarify that this court is not

suggesting that anytime a plaintiff in a medical malpractice action

fails to file a certificate of merit while claiming that certain

evidence has been lost or destroyed, then, ipso facto, the

plaintiff has a cause of action for spoliation of evidence. Rather,

the dismissal of a medical malpractice claim for failure to file a

certificate of merit establishes only that the plaintiff has failed

to file the required certificate of merit. It does not satisfy the

causation element of an action for negligent spoliation of

evidence.

     A majority of this court set forth the elements of a cause of

action for negligent spoliation of evidence in Boyd. We explained

there that to establish causation in such an action, a plaintiff

must show that the defendant's loss or destruction of the evidence

caused the plaintiff to be unable to prove an underlying lawsuit.

Boyd, 166 Ill. 2d at 196. We further explained that a plaintiff

must demonstrate that, but for the loss or destruction of the

evidence, the plaintiff had a reasonable probability of succeeding

in the underlying suit. Boyd, 166 Ill. 2d at 196 n.2. As elaborated

on in Boyd, the causation element requires a plaintiff to

demonstrate how the missing evidence is critical to the plaintiff's

inability to prove the underlying suit, and it prevents a plaintiff

from recovering where the underlying suit is meritless. Boyd, 166

Ill. 2d at 196 n.2, 200. Boyd's discussions concerning the

causation element represent a careful balancing of the rights of

plaintiffs and defendants. The causation element is intended to

ensure that plaintiffs do not wrongfully benefit from the

spoliation of evidence. In particular, courts must guard against

plaintiffs who may be tempted to manufacture a spoliation claim out

of an insignificant piece of missing evidence because they know

that they cannot win their underlying suit.

     The record in this case reveals that Miller filed a two-count

complaint against Dr. Narendra K. Gupta, charging him with medical

malpractice and spoliation of evidence. Among other things,

Miller's first-amended complaint alleged that a podiatrist named

Dr. William Hess told Miller that her foot problems may have

resulted from medical malpractice committed by Gupta, and that he

would need to see the X rays taken before and after her earlier

surgery to determine if Gupta had committed malpractice. Miller's

complaint further alleged that she was not able to obtain a

certificate of merit for her medical malpractice action because the

subject X rays had been destroyed. She therefore asserted that the

destruction of the X rays had deprived her of any remedy obtainable

under the medical malpractice count.

     Gupta moved to dismiss the malpractice count pursuant to

section 2--619 of the Civil Practice Law (735 ILCS 5/2--619 (West

1994)) because Miller failed to attach the required certificate of

merit. Gupta also moved to dismiss the spoliation count under

section 2--615 of the Civil Practice Law (735 ILCS 5/2--615 (West

1994)), claiming that he owed no duty to preserve the X rays. The

trial court granted both motions, and this appeal followed. This

concurrence addresses only the section 2--619 motion.

     One of the enumerated grounds for a section 2--619 motion to

dismiss is that the claim is barred by affirmative matter which

avoids the legal effect of or defeats the claim (Illinois Graphics

Co. v. Nickum, 159 Ill. 2d 469, 485-86 (1994)), such as for the

failure to file a certificate of merit in a medical malpractice

action (see 735 ILCS 5/2--622(g) (West 1994)). For purposes of

deciding a section 2--619 motion, the court must accept as true all

well-pleaded facts in the complaint and may consider all pleadings,

depositions, and affidavits submitted by the parties. See Zedella

v. Gibson, 165 Ill. 2d 181, 185 (1995).

     Although the majority opinion does not clarify this point, for

purposes of this appeal, we accepted as true all well-pleaded facts

in Miller's complaint. It is important to note, however, that the

allegations in Miller's complaint have never been subjected to

adversarial testing and have never been adjudicated on the merits.

As a result, in any subsequent action for negligent spoliation of

evidence, Miller still bears the burden of establishing all the

elements of that cause of action, including causation, and Gupta

remains entitled to present relevant arguments and evidence in

response.

     In this appeal, Gupta mentions arguments that he may raise in

a spoliation action against him. For example, Gupta suggests that

other X rays of Miller's foot are available from another physician

who treated Miller shortly before Gupta did. If this is indeed

true, and those X rays can substitute for those taken by Gupta

himself, then the destruction of the subject X rays has not caused

Miller to be unable to prove her underlying malpractice suit

against Gupta. Gupta further submits that some of Miller's claims,

e.g., that Gupta failed to obtain Miller's consent to perform a

certain medical procedure, have no relevance to the missing X rays.

As noted above, Gupta is entitled to raise relevant arguments such

as these in an action for negligent spoliation of evidence.

     In summary, proof that a plaintiff's underlying medical

malpractice claim was dismissed for failure to file a certificate

of merit, standing alone, is simply not sufficient to fulfill the

causation element of a negligent spoliation claim. This is because

the issue of whether the defendant's loss or destruction of the

evidence actually caused the plaintiff to be unable to prove the

underlying malpractice suit remains to be determined on its merits.