(No. 75466

TOMMIE BOYD *et al.*, Appellants, v. TRAVELERS INSURANCE COMPANY *et al.*, Appellees.

*Opinion filed January 19, 1995.—Modified on denial of rehearing June 22, 1995.*

HEIPLE, J., joined by HARRISON, J., dissenting.

Steven B. Levy, Ltd., of Naperville, and Mary Jo Kelly, of Wheaton (David A. Novoselsky and Linda A. Bryceland, of Chicago, of counsel), for appellants.

John H. Guill and Michelle J. Caley, of Roddy, Power, Leahy, Guill, Zima & Gifford, Ltd., of Chicago, for appellee Travelers Insurance Co.

CHIEF JUSTICE BILANDIC delivered the opinion of the court:

The question presented in this appeal is whether the trial court properly dismissed two counts of plaintiffs' complaint for failure to state a cause of action. Plaintiffs, Tommie and Fannie Boyd, filed a five-count complaint in the circuit court of Cook County against defendants, Travelers Insurance Company (Travelers) and the Coleman Company, Inc. (Coleman). Counts I and II of the complaint allege negligent and willful and wanton spoliation of evidence against Travelers. Counts III and IV allege products liability and negligence claims against Coleman. Count V contains a loss of consortium claim. Travelers filed a motion to dismiss the negligent and willful and wanton spoliation counts, which the trial court granted pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)). The court found that the actions were premature because actual injury could not be alleged until plaintiffs lost the underlying suit against Coleman.

Pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308), the trial court certified the following question for interlocutory appeal:

"Whether a plaintiff in a spoliation of evidence case must plead and prove that he lost the underlying civil

case, or whether it is sufficient that he plead a significant impairment of his ability to prove the underlying suit."

The appellate court denied an application for leave to appeal. We granted plaintiffs' petition for leave to appeal to this court. 145 Ill. 2d R. 315.

## FACTS

On February 4, 1990, Tommie Boyd (Boyd) was working inside a van belonging to his employer, Superior Foods. To keep the van warm, Boyd was using a propane catalytic heater, which had been designed, manufactured, and distributed by Coleman. An explosion occurred, allegedly caused by propane gas escaping from the heater. Boyd sustained serious personal injuries and other damages. The heater was Boyd's personal property.

Boyd filed a claim for workers' compensation benefits against his employer and Travelers, his employer's workers' compensation insurer. On February 6, 1990, a Travelers claim adjuster, Tu Chi (Chi), and another Travelers employee, John Engelke, visited the Boyd residence. They took possession of the Coleman heater, telling Boyd's wife, Fannie, that Travelers needed the heater in order to investigate her husband's workers' compensation claim. They also told Fannie that Travelers would inspect and test the heater to determine the cause of the explosion.

Chi transported the heater to a Travelers office and stored it in a closet. Subsequently, when Boyd asked that the heater be returned to him, Travelers was unable to locate it. On September 27, 1991, Boyd sought a court order compelling Travelers to return the heater. Travelers' response admitted that its employees took possession of the heater and placed it in a closet, from which it later disappeared. Travelers had never tested the heater.

In counts I and II of their complaint, plaintiffs

charge that they have been injured by Travelers' loss of the heater because no expert could testify with certainty as to whether the heater was defective or dangerously designed. Therefore, they allege, Travelers' loss of the heater has irrevocably prejudiced and adversely affected their products liability action against Coleman.

Travelers' motion to dismiss counts I and II contended that negligent and intentional spoliation of evidence are not recognized torts under Illinois law. In the alternative, Travelers claimed that, even if Illinois was to recognize either cause of action, plaintiffs' claims were premature because the underlying products liability action against Coleman was still pending. Travelers argued that, until plaintiffs lose the underlying action, they have suffered no actual injury, which is a necessary element to any cause of action. Therefore, Travelers concluded, plaintiffs must first lose the underlying suit in which the missing evidence would have been used.

The trial court granted Travelers' motion and dismissed counts I and II without prejudice. The trial court stated that a spoliation of evidence claim would be recognized in Illinois given the right facts. However, it agreed with Travelers that plaintiffs' claims were premature unless and until they lost the underlying suit against Coleman, thereby sustaining an actual injury. Accordingly, the trial court gave plaintiffs leave to refile counts I and II following the resolution of their products liability action against Coleman.

## ANALYSIS

The question as certified by the trial court assumes that Illinois courts recognize "spoliation of evidence" as an independent cause of action. On the contrary, this court, consistent with a majority of jurisdictions, has

never done so.[1] For reasons that follow, we today hold that an action for negligent spoliation can be stated under existing negligence law.

When this court accepts an appeal involving a certified question, we may "enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief *** that the case may require." (134 Ill. 2d R. 366(a)(5).) Counts I and II, which purport to state claims for

---

[1]Courts in Florida and California have recognized negligent spoliation of evidence as an independent tort. *Continental Insurance Co. v. Herman* (Fla. App. 1990), 576 So. 2d 313, 315 (stating the elements as (1) the existence of a potential civil action, (2) a legal or contractual duty to preserve evidence which is relevant to the potential civil action, (3) destruction of that evidence, (4) a significant impairment in the ability to prove the lawsuit, (5) a causal relationship between the evidence destruction and the inability to prove the lawsuit, and (6) damages); *Miller v. Allstate Insurance Co.* (Fla. App. 1990), 573 So. 2d 24; *Velasco v. Commercial Building Maintenance Co.* (1985), 169 Cal. App. 3d 874, 215 Cal. Rptr. 504.

Courts in Alaska, Ohio, and California have recognized intentional spoliation of evidence as a new tort. *Hazen v. Municipality of Anchorage* (Alaska 1986), 718 P.2d 456; *Smith v. Howard Johnson Co.* (1993), 67 Ohio St. 3d 28, 615 N.E.2d 1037; *Smith v. Superior Court* (1984), 151 Cal. App. 3d 491, 198 Cal. Rptr. 829; see also Annot., 70 A.L.R.4th 984 (1989).

Courts in several other jurisdictions have declined to recognize a new tort of spoliation, usually based on the facts of the given case. (See, *e.g., La Raia v. Superior Court* (1986), 150 Ariz. 118, 722 P.2d 286; *Murphy v. Target Products* (Ind. App. 1991), 580 N.E.2d 687; *Koplin v. Rosel Well Perforators, Inc.* (1987), 241 Kan. 206, 734 P.2d 1177; *Panich v. Iron Wood Products Corp.* (1989), 179 Mich. App. 136, 445 N.W.2d 795; *Federated Mutual Insurance Co. v. Litchfield Precision Components, Inc.* (Minn. 1990), 456 N.W.2d 434.) Courts often direct parties desiring recognition of a new tort of spoliation towards other, traditional causes of actions and remedies. See, *e.g., Federated Mutual Insurance Co.*, 456 N.W.2d at 437-38; *La Raia*, 150 Ariz. at 121-23, 722 P.2d at 289-91.

negligent and willful and wanton spoliation of evidence, were dismissed under section 2—615 for failure to state a cause of action. The question presented by a section 2—615 motion to dismiss is whether the plaintiff has alleged sufficient facts in the complaint which, if proved, would entitle the plaintiff to relief. (*Urbaitis v. Commonwealth Edison* (1991), 143 Ill. 2d 458, 475.) All well-pleaded facts in the complaint are taken as true. A motion to dismiss should be denied where a cause of action is stated, even if it is not the cause of action intended by the plaintiff. *Doe v. Calumet City* (1994), 161 Ill. 2d 374, 388.

Here, count I of plaintiffs' complaint alleges that Boyd sustained serious personal injuries and other damages when the Coleman heater exploded. His wife, Fannie, relinquished the heater to two Travelers employees. The employees told her that they needed the heater to investigate Boyd's workers' compensation claim, and that they would inspect and test the heater to determine what caused the explosion. The heater, initially placed in a closet, later could not be found. Plaintiffs' complaint charges that Travelers' loss of the heater has impaired their ability to prove the products liability claim against Coleman. The legal effect of these factual allegations is to state a cause of action against Travelers for negligence.

Courts have long afforded redress for the destruction of evidence and, in our opinion, traditional remedies adequately address the problem presented in this case. An action for negligent spoliation can be stated under existing negligence law without creating a new tort. (See, *e.g.*, *Pirocchi v. Liberty Mutual Insurance Co.* (E.D. Pa. 1973), 365 F. Supp. 277, 281-82 (involving a factual scenario virtually identical to the facts of the present case).) To state a cause of action for negligence, a plaintiff must plead the existence of a duty owed by the

defendant to the plaintiff, a breach of that duty, an injury proximately caused by the breach, and damages. *Estate of Johnson v. Condell Memorial Hospital* (1988), 119 Ill. 2d 496, 503; *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 374.

The general rule is that there is no duty to preserve evidence; however, a duty to preserve evidence may arise through an agreement, a contract, a statute (see *Rodgers v. St. Mary's Hospital* (1992), 149 Ill. 2d 302) or another special circumstance. Moreover, a defendant may voluntarily assume a duty by affirmative conduct. (See *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 74.) In any of the foregoing instances, a defendant owes a duty of due care to preserve evidence if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action.

In this case, count I of plaintiffs' complaint properly pleads a duty and a breach of that duty. It alleges that, two days after Boyd's injury, two Travelers employees visited the Boyd home, telling Fannie that they needed the heater to investigate Boyd's workers' compensation claim. The heater belonged to Boyd. The employees knew that the heater was evidence relevant to future litigation. Under these alleged circumstances, Travelers assumed a duty to preserve Boyd's property. Plaintiffs' complaint also charges that Travelers breached its assumed duty by losing the heater.

The third and fourth elements necessary to state a valid cause of action in negligence are causation and damages. According to Travelers, plaintiffs cannot properly allege these elements because they must first lose their underlying cause of action against Coleman in order to sustain an actual injury. See *Federated Mutual Insurance Co. v. Litchfield Precision Components, Inc.* (Minn. 1990), 456 N.W.2d 434; *Petrik v. Monarch Print-*

*ing Corp.* (1986), 150 Ill. App. 3d 248; *Fox v. Cohen* (1980), 84 Ill. App. 3d 744.

Plaintiffs, on the other hand, maintain that count I of their complaint sufficiently alleges causation and damages. Moreover, they insist that they should not be required to lose the underlying lawsuit before pursuing a cause of action against Travelers. They argue that a single jury should be allowed to try both claims concurrently, thereby saving judicial time and expense, and avoiding piecemeal litigation. It would be unfair to subject them to the burden of pursuing two trials, plaintiffs argue, especially where the second trial would take place several years after the first. Lastly, they note that the jury hearing the underlying claim would be in the best position to know whether the missing evidence in actuality affected the outcome of the case. Plaintiffs maintain that a second jury could only speculate as to the reason they failed to prevail in any earlier litigation.

Initially, we note our disagreement with Travelers' assertion that for plaintiffs to allege actual injury from the loss of the heater, they must first pursue and lose the underlying claim. To plead causation, a plaintiff must allege that an injury proximately resulted from a breach of a duty. (*Moudy v. New York, Chicago, & St. Louis R.R. Co.* (1944), 385 Ill. 446, 453-54.) Therefore, in a negligence action involving the loss or destruction of evidence, a plaintiff must allege sufficient facts to support a claim that the loss or destruction of the evidence *caused the plaintiff to be unable to prove* an underlying lawsuit.[2]

Here, plaintiffs' complaint alleges that Travelers not

---

[2]A plaintiff need not show that, but for the loss or destruction of the evidence, the plaintiff would have prevailed in the underlying action. This is too difficult a burden, as it may be impossible to know what the missing evidence would have shown.

only lost the heater, but failed to test it to determine the cause of the explosion. Plaintiffs were thereby deprived of the key piece of evidence in their products liability lawsuit against Coleman—the product itself. They claim that, as a result, no expert could testify without doubt whether the heater was defective or dangerously designed. These allegations are sufficient to support the theory that Travelers' loss of the heater caused plaintiffs to be unable to prove their suit against Coleman.

Actual damages must be alleged as well. (See *Jeffrey v. Chicago Transit Authority* (1962), 37 Ill. App. 2d 327, 335; see generally *Cunis*, 56 Ill. 2d at 374.) A threat of future harm, not yet realized, is not actionable. The wrongful conduct must impinge upon a person. Consequently, a plaintiff is required to allege that a defendant's loss or destruction of the evidence caused the plaintiff to be unable to prove an otherwise valid, underlying cause of action. A plaintiff must prove this before the harm has been realized.

In the case *sub judice*, plaintiffs allege sufficient facts supporting the theory that they have suffered an inability to succeed in their otherwise valid products liability action against Coleman. Plaintiffs plead that Boyd sustained serious personal injuries when the Coleman heater exploded. Through this statement and count III of their complaint, which sets forth the products liability action, plaintiffs allege facts giving

---

A plaintiff must demonstrate, however, that but for the defendant's loss or destruction of the evidence, the plaintiff had a reasonable probability of succeeding in the underlying suit. In other words, if the plaintiff could not prevail in the underlying action even with the lost or destroyed evidence, then the defendant's conduct is not the cause of the loss of the lawsuit. This requirement prevents a plaintiff from recovering where it can be shown that the underlying action was meritless.

rise to the underlying suit. As discussed above, plaintiffs' pleadings also allege a nexus between Travelers' loss of the heater and their inability to prove the underlying action. Accordingly, we find that count I of the complaint sufficiently alleges actual damages. We, however, express no opinion on the appropriate measure of damages. The amount of damages should be determined by the trial court and the trier of fact after a full trial on the merits. See *Petrik,* 150 Ill. App. 3d at 260-64.

Based on the foregoing, count I of plaintiffs' complaint alleges facts sufficient to state a cause of action in negligence. We also agree with plaintiffs that a single trier of fact may be allowed to hear an action for negligent spoliation concurrently with the underlying suit on which it is based. (*Miller v. Allstate Insurance Co.* (Fla. App. 1990), 573 So. 2d 24, 28 n.7 (specifically finding that a jury trying the two claims in a single proceeding is in the best position to determine the issues); see also *Smith v. Howard Johnson Co.* (1993), 67 Ohio St. 3d 28, 615 N.E.2d 1037, 1038; *Smith v. Superior Court* (1984), 151 Cal. App. 3d 491, 498, 198 Cal. Rptr. 829, 833-34.) A single trier of fact would be in the best position to resolve all the claims fairly and consistently. If a plaintiff loses the underlying suit, only the trier of fact who heard the case would know the real reason why. This factor is important because a spoliator may be held liable in a negligence action *only* if its loss or destruction of the evidence caused a plaintiff to be unable to prove the underlying suit.[3]

We therefore encourage plaintiffs and the trial court

---

[3]Plaintiffs incorrectly argued in the trial court that a single jury should be permitted to apportion liability between Coleman and Travelers. Contribution does not apply in this case. Coleman's and Travelers' potential liabilities arise from two different injuries. (See 740 ILCS 100/2 (West 1992).) Coleman is liable if plaintiffs can prove that its heater was unreasonably dangerous or negligently manufactured. Travelers is liable only if plaintiffs

to employ joinder in this case. In Illinois, "plaintiffs may join any causes of action, against any *** defendants." (735 ILCS 5/2—614(a) (West 1992).) The joinder of defendants is governed by section 2—405 of the Code of Civil Procedure (735 ILCS 5/2—405 (West 1992)). Defendants "against whom a liability is asserted either jointly, severally or in the alternative arising out of the same transaction or series of transactions" may be joined. (735 ILCS 5/2—405(a) (West 1992); see also 735 ILCS 5/2—405(c) (West 1992).) The objective of joinder is the economy of actions and trial convenience. The determining factors are that the claims arise out of closely related "transactions" and that there is in the case a significant question of law or fact that is common to the parties. *City of Nokomis v. Sullivan* (1958), 14 Ill. 2d 417, 420.

These requirements have been met here. The claims against Coleman and Travelers arise out of two closely related transactions: the explosion of the heater, and the subsequent loss of the heater. Indeed, Travelers assumed possession of the heater for the sole purpose of determining the cause of the explosion. There is also a significant question of law or fact that is common to the parties. The dominant question is one of fact, whether the loss of the heater caused plaintiffs to be unable to prove their products liability claim against Coleman, and it is common to all the parties. From the record before us it appears that all issues beyond that common question could be readily handled in a single action, without prejudice or inconvenience to the parties.

In sum, joinder and concurrent trials would promote

---

can demonstrate that its loss of the heater caused them to be unable to prove their lawsuit against Coleman. Therefore, as a practical matter, in a concurrent trial the trier of fact would resolve the products liability action against Coleman before its consideration of the negligence action against Travelers.

fairness and consistency, while conserving valuable judicial resources. On remand and upon a proper request by plaintiffs, the trial court should fully consider whether joinder and concurrent trials are appropriate here. The parties should be allowed to present arguments and evidence that is relevant to this subject.

We further address the dissent's contention that we should create an evidentiary presumption against Travelers. According to the dissent, we should presume "that the heater was defective" and that Travelers' "loss of the heater deprived the plaintiffs of their lawsuit" against Coleman. (166 Ill. 2d at 203.) The dissent then concludes that the "only issue which needs to be tried is the issue of damages." (166 Ill. 2d at 204.) We disagree with the dissent's view. An evidentiary presumption is improper here for two reasons. First, if plaintiffs can prove their underlying lawsuit against Coleman without the missing heater, then they have not been injured by Travelers' loss of it. This is entirely possible in the present case because plaintiffs may be able to prove their products liability action against Coleman through circumstantial evidence. (See *Ralston v. Casanova* (1984), 129 Ill. App. 3d 1050, 1057-60.) Similarly, we can envision several factual situations where a party has negligently lost or destroyed evidence, but that evidence is not critical or even material to a plaintiff's underlying suit. A plaintiff in this circumstance should not be allowed to recover through the operation of an evidentiary presumption. Second, if Travelers can prove that plaintiffs would have lost their underlying claim against Coleman even with the missing heater, then Travelers has not caused plaintiffs' injury. A plaintiff should not be allowed to recover with an evidentiary presumption where it can be proven that the underlying suit is meritless. See 166 Ill. 2d at 196–97.

Before concluding, we address plaintiffs' claim

regarding count II. Plaintiffs label count II as "willful and wanton," but state in their brief that this tort is akin to the tort of intentional spoliation of evidence. They then ask this court to recognize intentional spoliation of evidence as a new tort. Even if we were inclined to do so, count II of plaintiffs' complaint fails for factual insufficiency. Plaintiffs' complaint alleges only that Travelers' agent placed the heater in a closet, and that it later could not be found. It may not be inferred from these allegations that Travelers intentionally destroyed or misplaced the heater. Therefore, count II fails to state a cause of action for intentional spoliation of evidence.

For the reasons stated, we affirm the trial court's dismissal of count II for willful and wanton spoliation of evidence, reverse the dismissal of count I because it states a cause of action in negligence, and remand this cause to the trial court for further proceedings consistent with this opinion.

*Affirmed in part and*
*reversed in part;*
*cause remanded.*

JUSTICE HEIPLE, dissenting:

This case is before us on interlocutory appeal from the trial court for the sole purpose of answering a single certified question, namely:

"Whether a plaintiff in a spoliation of evidence case must plead and prove that he lost the underlying civil case, or whether it is sufficient that he plead a significant impairment of his ability to prove the underlying suit?"

Answering that certified question was all that we were asked to do. Nothing more, nothing less. The appellate court wisely declined to accept this interlocutory appeal. For reasons unclear to me, this court decided to take the case. We should have declined.

If, however, the question were to be answered at all, the question, having been asked in the abstract, should

have been answered in the abstract. In that respect, a two word answer would have sufficed: "It depends." Instead, the majority delves heavily into the facts and the pleadings, takes off on a discussion of whether spoliation of evidence is a tort, passes on the trial court's rulings on the pleadings, and suggests joinder and concurrent trials with respect to the plaintiffs' separate claims against the Coleman Company and the Travelers Insurance Company. These are answers for which there are no questions.

If, as the majority opinion does, we are to delve into the pleadings in this case, we must take the facts of the complaint as true. What those facts make clear is that the missing space heater is not mere evidence. It is the only evidence that the plaintiffs would have had against the Coleman Company.

The plaintiffs were injured when a space heater blew up. That evidence is now missing. Without examining and testing that space heater, there is no possibility whatever that the plaintiffs could sustain an action against its manufacturer because of an alleged defect. The heater may have been perfect in every way. It may have been an accident waiting to happen. No one will ever know. It is gone. Gone with it is the plaintiffs' case against its manufacturer, the Coleman Company.

Thus, there is no point in the majority's requirement that the plaintiffs go through a trial against the Coleman Company, the result of which would be foreordained. To the extent that there is a claim here at all, it is against the party who borrowed the heater from the plaintiffs. That is the Travelers Insurance Company. Travelers borrowed it for testing. Travelers knew it had blown up. Travelers knew the plaintiffs were injured by it. Travelers knew or should have known that, if it were defective, it would be the plaintiffs' only piece of causative evidence against the Coleman Company. A

bailment was created. Travelers became the bailee of this heater. But it was not an ordinary bailment. The bailee insurance company entered into it charged with a full appreciation of the significance of the bailed item. Travelers knew that if the bailed item were not returned, the plaintiffs' case would be lost. Travelers' exposure, thus, is significantly more than buying the plaintiffs a new space heater.

Similarly, there is no point in the majority's requirement that plaintiffs, in their action against Travelers, demonstrate that they had a reasonable probability of succeeding in their underlying claim against Coleman. Since the bailee neither tested nor returned the heater, we will never know whether the heater was defective in fact.

Had the plaintiffs been able to prove that the heater was defective, they would have recovered against the manufacturer. Had that proof not been forthcoming, the manufacturer would have prevailed. Under the circumstances, the only just result is to presume that the heater was defective and to assign the burden of its loss to the most culpable party. The loss cannot be assigned to the Coleman Company since it has been deprived of the opportunity to establish that the heater was not defective. The loss cannot be assigned to the plaintiffs since the plaintiffs have been deprived of the opportunity to establish that a defect in the heater caused their injuries. The loss, in fairness and justice, must be assigned to the bailee who entered into the bailment with full knowledge of the importance of the evidence that was taken and who then, without any justification, failed to return it.

Thus, the only necessary trial in this case is a trial against the bailee, Travelers Insurance Company, on a presumption that the heater was defective and that the loss of the heater deprived the plaintiffs of their lawsuit

against the Coleman Company. The only issue which needs to be tried is the issue of damages.

Accordingly, I respectfully dissent.

JUSTICE HARRISON joins in this dissent.