THIRD DIVISION 
 September 25, 1996 
















No. 1-95-2054 

TRAVIS HAYES, ) Appeal from the 
 ) Circuit Court of 
 Plaintiff-Appellee, ) Cook County 
 )
 v. ) 
 )
PAUL K. WILSON and EDWARD CHAVEZ, )
 )
 Defendants-Appellants )
 )
(Jeffrey Glassman, David D. Mayer,)
William S. Levitan, and )
All Suburban Dental Clinic, ) Honorable 
 ) Joseph Casciato,
 Defendants). ) Judge Presiding. 


 JUSTICE GREIMAN delivered the opinion of the court: 
 
 This case comes to us on an interlocutory appeal pursuant to
Illinois Supreme Court Rule 308 (155 Ill. 2d R. 308), and we
respond to the following certified question: 
 "Where the plaintiff has alleged in his
 medical malpractice complaint (supported by
 affidavit) a continuing course of negligent
 treatment over a period of many years by
 those dentists who treated him at a dental
 clinic, and two of the dentists have filed
 motions for summary judgment based solely on
 the statute of repose, does the continuing
 course of negligent treatment doctrine of
 Cunningham v. Huffman, et. al., apply to a
 clinic dentist who has not treated the
 plaintiff for more than the four year repose
 period, where other dentists have treated the
 plaintiff within the repose period?" 
 We answer the certified question in the negative and, under
the Illinois Supreme Court's ruling in Cunningham v. Huffman, 154
Ill. 2d 398 (1993), find the four-year statute of repose (735
ILCS 5/13-212 (West 1992)) commences at the time the treatment by
the allegedly negligent dentist ceases. 
 In 1982 plaintiff Travis Hayes began receiving dental care
at defendant All Suburban Dental Clinic (hereinafter the Clinic). 
Between September 1982 and November 1985, defendant Dr. Paul K.
Wilson, a dentist with the Clinic, treated plaintiff on four
occasions. From January 1984 through August 1987, defendant Dr.
Edward Chavez, a dentist with the Clinic until 1987, treated
plaintiff. In 1987 Dr. Chavez stopped seeing patients at the
Clinic because he left to open his own private practice. 
 In October 1992 plaintiff filed a complaint against
defendant Clinic and defendant Dr. Jeffrey Glassman, a dentist
with the Clinic, alleging negligent dental treatment. On July
19, 1993, plaintiff filed an amended complaint naming, for the
first time, defendants Wilson and Chavez, among others. In the
amended complaint, plaintiff alleged that defendants Wilson and
Chavez "engaged in a continuing course of dental treatment and
care" for plaintiff. There is no dispute that Doctors Wilson and
Chavez had ceased treating plaintiff for more than four years
before plaintiff filed a complaint against them. 
 Doctors Wilson and Chavez, the only defendants involved in
the instant appeal, filed motions for summary judgment asserting
that plaintiff's complaint was barred by the four-year statute of
repose. After initially denying both summary judgment motions,
the circuit court granted an amended summary judgment in favor of
Dr. Chavez but later vacated the order upon plaintiff's motion to
reconsider. The circuit court also denied Dr. Wilson's amended
motion for summary judgment. Thereafter, in June 1995, the
circuit court certified the question now on appeal. 
 The four-year statute of repose for medical negligence
actions provides, in pertinent part: 
 "[N]o action for damages for injury or
 death against any *** dentist, *** whether
 based upon tort, or breach of contract, or
 otherwise, arising out of patient care shall
 be brought more than 2 years after the date
 on which the claimant knew *** of the injury
 or death for which damages are sought in the
 action, *** but in no event shall such action
 be brought more than 4 years after the date
 on which occurred the act or omission or
 occurrence alleged in such action to have
 been the cause of such injury or death." 
 735 ILCS 5/13-212(a) (West 1992). 
 In Cunningham, the supreme court held "that a plaintiff is
not barred by the statute of repose if she can demonstrate that
there was an ongoing course of continuous negligent medical
treatment." (Emphasis in original.) Cunningham, 154 Ill. 2d at
406. Notwithstanding the adoption of the continuing course of
negligent treatment doctrine, the supreme court in Cunningham
found "that once treatment by the negligent physician is
discontinued, the statute of repose begins to run, regardless of
whether or not the patient is aware of the negligence at
termination of treatment." Cunningham, 154 Ill. 2d at 406; see
also Witt v. Jones & Jones Law Offices, P.C., 269 Ill. App. 3d
540, 544 (1995) ("[i]n Cunningham the doctrine was explained as a
tolling of the statute of repose until the end of a doctor-
patient relationship"). 
 We believe the dictates of Cunningham are clear and,
therefore, the statute of repose began to run when Drs. Chavez
and Wilson discontinued their treatment of plaintiff. To hold
otherwise would expose the dentists to future liability for an
indefinite period of time. Such potential exposure directly
contravenes the specific intent of the period of repose, i.e.,
"to terminate the possibility of liability after a defined period
of time" and "to curtail the `long tail' exposure to medical
malpractice claims brought about by the advent of the discovery
rule." Cunningham, 154 Ill. 2d at 406. 
 The statute of repose bars actions against dentists employed
by a clinic where the dentists have not treated the plaintiff
within the four-year repose period. Drs. Chavez and Wilson
ceased their treatment of plaintiff more than four years before
plaintiff filed his complaint against them. 
 As to the scope of our answer to a certified question under
Rule 308, "the appellate court's task is to answer the question
certified by the trial court, rather than rule on the propriety
of any underlying order." Danner v. Norfolk & Western Ry. Co.,
271 Ill. App. 3d 598, 601 (1995). However, Illinois Supreme
Court Rule 366(a)(5) establishes our authority in resolving
issues on appeal: 
 "When this court accepts an appeal
 involving a certified question, we may `enter
 any judgment and make any order that ought to
 have been given or made, and make any other
 and further orders and grant any relief ***
 that the case may require.'" Boyd v.
 Travelers Insurance Co., 166 Ill. 2d 188, 193
 (1995), quoting 134 Ill. 2d R. 366(a)(5). 
 We have already answered the certified question in the
negative. In light of our authority pursuant to Rule 366(a)(5)
and the holding in Boyd, we also reverse the circuit court's
order which, upon plaintiff's motion to reconsider, denied Dr.
Chavez's amended motion for summary judgment and denied Dr.
Wilson's amended motion for summary judgment. We remand this
cause to the circuit court for further proceedings consistent
with this opinion. 
 Certified question answered; reversed and remanded. 
 RIZZI and CERDA, JJ., concur.