(No. 80273.—

CINDY MILLER, Appellee, v. DR. NARENDRA K. GUPTA *et al.* (Dr. Narendra K. Gupta, Appellant).

*Opinion filed October 24, 1996.*

122

BILANDIC, C.J., specially concurring.

Heyl, Royster, Voelker & Allen, of Peoria (Karen L. Kendall, of counsel), and Campbell, Black, Carnine & Hedin, P.C., of Mt. Vernon (Roy L. Carnine and Jerome E. McDonald, of counsel), for appellant.

Thomas Q. Keefe, Jr., of Belleville, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

Plaintiff, Cindy Miller, filed an action in the circuit court of Marion County against Dr. Narendra K. Gupta alleging in two counts medical malpractice and spoliation of evidence.[1] The trial court dismissed Miller's first-amended complaint in its entirety with prejudice. The appellate court reversed, finding that the trial court abused its discretion in dismissing the medical malpractice count, and remanded so that Miller could amend her pleadings regarding spoliation of evidence. 275 Ill. App. 3d 539. We granted Gupta's petition for leave to appeal (155 Ill. 2d R. 315).

In both counts of her first-amended complaint, Miller

---

[1]Miller's complaint also makes allegations against St. Mary's Hospital for spoliation of evidence and the violation of the X-Ray Retention Act (210 ILCS 90/1 (West 1994)). St. Mary's petition for leave to appeal was denied by this court. 165 Ill. 2d 553. As a result, any arguments regarding the counts of Miller's first-amended complaint directed toward St. Mary's will not be considered.

alleges that in February 1989, Gupta performed a surgical procedure on her left foot. In March of 1991, she contacted a podiatrist, Dr. William Hess, because of additional problems with her left foot, including stumbling, loss of balance and misalignment of one of her toes. Hess told Miller that she suffered from a transfer wound and misalignment of her toe and that these conditions may have resulted from medical malpractice committed by Gupta. Hess informed Miller that he would need to see the X rays taken prior to and after the surgery performed by Gupta to determine if Gupta had committed malpractice.

In August of 1991, Miller's attorney requested her medical records from Gupta. On October 30, 1991, Gupta informed the attorney that Miller's X rays had been inadvertently destroyed by the St. Mary's Hospital housekeeping department.

Understanding the above facts is not complete without mentioning two discovery depositions appearing in the record. In the first, Gupta stated that he took X rays of Miller's foot on an X-ray machine in his office at the time of her surgery, that the X rays were obtained from his files in October 1991 in response to the attorney's request, and that he placed the X rays on the floor against the wall and behind his chair so that he could take them to St. Mary's for copying. Gupta admitted that his wastebasket was approximately three feet from where he placed the X rays. Gupta stated that his office is located in a building separate from but adjacent to St. Mary's and that he contracted with St. Mary's for his office to be cleaned. In the second deposition, Cathy Joliff, an employee of St. Mary's housekeeping department, testified that she was assigned to clean Gupta's office and that she regularly disposed of X-ray jackets which were in the trash or located near the trash. She believed that Miller's X rays were thrown out when she

cleaned Gupta's office and later destroyed in the hospital's incinerator.

In the first count (hereinafter, medical malpractice count) of her first-amended complaint, Miller further alleges that Gupta performed a procedure on her foot that was not required by preoperative observations, failed to perform the procedure with ordinary skill, failed to perform a medically preferred procedure, and failed to obtain her consent. Miller did not attach a certificate of merit and written report of a health professional to her complaint, as required by statute in medical malpractice actions (735 ILCS 5/2—622 (West 1994)). Rather, Miller's attorney attached an affidavit to the complaint stating that he had requested Miller's medical records, that 60 days had passed since his request, and that Gupta had informed him that the subject records had been destroyed. See 735 ILCS 5/2—622(a)(3) (West 1994).

In the second count (hereinafter, spoliation of evidence count), Miller alleges spoliation of evidence in that Gupta destroyed her X rays in violation of the X-Ray Retention Act and in that Gupta negligently or intentionally caused or permitted the destruction of her X rays. Miller then alleges that she was unable to obtain a certificate of merit and written report because her X rays had been destroyed, thereby depriving her of any remedy obtainable under the medical malpractice count.

The trial court granted Gupta's motion to dismiss both counts, finding that Miller failed to attach the required certificate of merit and written report and that Gupta did not have a duty to preserve and maintain the X rays. The appellate court reversed in part, concluding that the trial court abused its discretion in dismissing the medical malpractice count for Miller's failure to file a section 2—622 certificate of merit. In so ruling, the appellate court stated that as a substitute for the section 2—622 written report, Miller should attach to her com-

plaint a physician's certificate confirming that the missing X rays are necessary to the determination of whether Gupta committed malpractice. Regarding the spoliation of evidence count, the appellate court found that while Miller could not state a cause of action against Gupta for a violation of the X-Ray Retention Act, she should have the opportunity to amend this count to conform with this court's decision in *Boyd v. Travelers Insurance Co.*, 166 Ill. 2d 188 (1995), which was issued while the instant cause was on appeal.

The issues before this court are whether the appellate court erred in (1) finding that the trial court abused its discretion in dismissing the medical malpractice count and (2) allowing Miller the opportunity to amend the spoliation of evidence count to conform with this court's decision in *Boyd.*

## ANALYSIS

Section 2—622(a)(1) of the Code of Civil Procedure requires that the plaintiff in a medical malpractice action attach an affidavit to the complaint stating that a health professional has been consulted and that the health professional has determined "that there is a reasonable and meritorious cause" for filing the action. Further, a copy of the health professional's written report, indicating the basis for the "meritorious" determination, must be attached to the affidavit. 735 ILCS 2—622(a)(1) (West 1994). Section 2—622(a)(3) provides that a plaintiff can file an affidavit stating that a request for the examination and copying of medical records has been made and that the party responsible for complying with the request has failed to produce the requested medical records within 60 days. Section 2—622(a)(3) allows a plaintiff 90 days from the receipt of the requested medical records to file the certificate and written report required by section 2—622(a)(1). The Code further provides that the failure to file a certificate of merit

"shall be grounds for dismissal." 735 ILCS 5/2—622(g) (West 1994).

In the instant cause, Gupta asserts that a trial court's decision to dismiss an action for the plaintiff's failure to file a section 2—622 certificate of merit should not be overturned absent a manifest abuse of discretion. See *Winters v. Podzamsky*, 252 Ill. App. 3d 821, 827 (1993); *Peterson v. Hinsdale Hospital*, 233 Ill. App. 3d 327, 330 (1992). Gupta argues that the trial court did not abuse its discretion in dismissing the instant medical malpractice count because section 2—622 requires a certificate of merit and Miller failed to attach one. Gupta further argues that the appellate court's decision effectively allows Miller to proceed with her medical malpractice claim without requiring her to show that the action is meritorious as contemplated by section 2—622. Miller counters that a pleading requirement, such as the filing of a 2—622 certificate of merit, should not be turned into a substantive defense which forever bars a decision on the merits.

In spite of Miller's argument, the legislature has made the filing of a section 2—622 certificate of merit a condition of proceeding with a meritorious medical malpractice action. 735 ILCS 5/2—622 (West 1994). Here, the trial court did not abuse its discretion in dismissing the medical malpractice count for Miller's failure to file a certificate of merit. In her complaint, Miller specifically alleges that "the accuracy of Dr. Gupta's observations and an assessment of his judgment and skill could not be determined with certainty absent review of the subject x-rays." In addition, in her brief before this court Miller concedes that she will never be able to comply with the section 2—622 certificate of merit requirement without the destroyed X rays and that the allegations of medical malpractice "cannot be established with certainty without the x-rays."

From Miller's admissions and the specific facts of this case, we conclude that Miller will never be able to file a certificate of merit as contemplated and required by section 2—622 and may not be able to prove her medical malpractice claim without the missing X rays. In fact, the appellate court acknowledged as much when it stated that Miller should attach to her complaint a physician's certificate stating that the X rays are necessary to a determination of whether malpractice was committed. What the appellate court failed to acknowledge, however, is that without the X rays Miller cannot assert a "meritorious" cause of action. Since Miller did not and will never be able to comply with section 2—622, Miller cannot proceed with her medical malpractice claim. The particular facts and circumstances of this case show that the trial court properly dismissed the medical malpractice count. 735 ILCS 5/2—622(g) (West 1994). Thus, the appellate court erred in ruling that the trial court abused its discretion in dismissing this count.

Miller suggests that this court apply principles of equity and allow her to pursue the medical malpractice action, notwithstanding her inability to comply with section 2—622, because she did not destroy the X rays. While we acknowledge that Miller was not at fault for the X rays' destruction, the simple fact remains that without the X rays, Miller cannot file a certificate of merit and written report and may not be able to prove the medical malpractice claim in a court of law. The appropriate remedy in this cause is not for Miller to pursue a medical malpractice action, but rather for Miller to pursue a cause of action against Gupta for spoliation of evidence.

Further, we observe that in enacting section 2—622, the legislature did provide plaintiffs an extension of time within which to file a certificate of merit and written report when medical personnel fail to timely provide

requested medical records. 735 ILCS 5/2—622(a)(3) (West 1994). However, the legislature did not provide an exception for those occasions when medical personnel are incapable of turning over all relevant and necessary medical records. It is the legislature's, and not this court's, responsibility to create exceptions to the section 2—622 requirements. Accordingly, we reverse the appellate court's finding that the trial court abused its discretion in dismissing the medical malpractice count.

Turning to the spoliation of evidence count of Miller's first-amended complaint, we initially observe that the count is inartfully drafted. Miller alleges spoliation of evidence *both* in that Gupta destroyed her X rays in violation of the X-Ray Retention Act *and* in that Gupta "negligently and/or intentionally caused or permitted the destruction of plaintiff's x-rays."

Gupta first argues that Miller cannot state a cause of action against him for the violation of the X-Ray Retention Act because he does not come under the terms of the Act. We agree. The X-Ray Retention Act applies only to "[h]ospitals which produce photographs of the human anatomy." 210 ILCS 90/1 (West 1994). As Gupta is a physician, the Act does not apply to him. Thus, the appellate court did not err in concluding that Miller could not state a cause of action against Gupta for a violation of the X-Ray Retention Act.

Next, Gupta argues that the appellate court acted beyond its authority in allowing Miller the opportunity to amend her pleadings to conform with this court's decision in *Boyd*. *Boyd* was issued while the instant cause was before the appellate court. Generally, this court's decisions apply retroactively to causes pending at the time the decision was announced (*Lannom v. Kosco*, 158 Ill. 2d 535, 539 (1994)), including those causes on direct review in the appellate court (*Moore v. Centreville Township Hospital*, 158 Ill. 2d 543, 547 (1994)). Thus, *Boyd* applies to the instant cause of action.

In *Boyd*, this court held that an action for negligent spoliation of evidence can be stated under existing negligence law. *Boyd*, 166 Ill. 2d at 194. A plaintiff claiming negligent spoliation of evidence must plead the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, an injury proximately caused by the breach, and damages. *Boyd*, 166 Ill. 2d at 194-95. This court acknowledged for the first time in *Boyd* that a duty to preserve evidence can arise only through an agreement, a contract, a statute, or another special circumstance or the defendant's affirmative conduct. *Boyd*, 166 Ill. 2d at 195.

Miller alleges that Gupta negligently destroyed or permitted the destruction of the X rays, resulting in her failure to obtain a section 2—622 certificate of merit, which in turn deprived her of a remedy under the medical malpractice count. As *Boyd* was the first decision of this court to specifically delineate that a claim of spoliation of evidence exists under negligence law, Miller should be allowed the opportunity to amend her spoliation of evidence count to conform with *Boyd*.

In allowing Miller the opportunity to amend, we are cognizant of Gupta's arguments that Miller did not seek leave to amend in the trial court and that she failed to allege a duty by Gupta to preserve the X rays independent of the X-Ray Retention Act. As the trial court ruled that Gupta did not have a duty to preserve the X rays, Miller could not seek leave to amend the spoliation of evidence count in the trial court. In addition, since *Boyd* for the first time delineated those instances which give rise to a duty to preserve evidence, Miller should not be penalized for failing to allege facts which, under *Boyd*, can give rise to a duty to preserve evidence. Accordingly, we find that the appellate court did not err in allowing Miller the opportunity to amend the spoliation of evidence count of her first-amended complaint to conform with this court's decision in *Boyd*.

For the above stated reasons, we reverse in part and affirm in part the judgments of the appellate and circuit courts, and remand this cause to the circuit court for further proceedings consistent with this opinion.

*Appellate court judgment affirmed in part*
*and reversed in part;*
*circuit court judgment affirmed in part*
*and reversed in part;*
*cause remanded.*

CHIEF JUSTICE BILANDIC, specially concurring:

I agree with the majority's conclusion that the medical malpractice count must be dismissed because the plaintiff, Cindy Miller, failed to file a certificate of merit as required by statute (735 ILCS 5/2—622 (West 1994)). I also agree with the majority's holding that this cause be remanded to give Miller the opportunity to state a spoliation claim under *Boyd v. Travelers Insurance Co.*, 166 Ill. 2d 188 (1995).

I write separately, however, to clarify that this court is not suggesting that anytime a plaintiff in a medical malpractice action fails to file a certificate of merit while claiming that certain evidence has been lost or destroyed, then, *ipso facto*, the plaintiff has a cause of action for spoliation of evidence. Rather, the dismissal of a medical malpractice claim for failure to file a certificate of merit establishes only that the plaintiff has failed to file the required certificate of merit. It does not satisfy the causation element of an action for negligent spoliation of evidence.

A majority of this court set forth the elements of a cause of action for negligent spoliation of evidence in *Boyd*. We explained there that to establish causation in such an action, a plaintiff must show that the defendant's loss or destruction of the evidence caused the plaintiff to be unable to prove an underlying lawsuit. *Boyd*, 166 Ill. 2d at 196. We further explained that a

plaintiff must demonstrate that, but for the loss or destruction of the evidence, the plaintiff had a reasonable probability of succeeding in the underlying suit. *Boyd*, 166 Ill. 2d at 196 n.2. As elaborated on in *Boyd*, the causation element requires a plaintiff to demonstrate how the missing evidence is critical to the plaintiff's inability to prove the underlying suit, and it prevents a plaintiff from recovering where the underlying suit is meritless. *Boyd*, 166 Ill. 2d at 196 n.2, 200. *Boyd*'s discussions concerning the causation element represent a careful balancing of the rights of plaintiffs and defendants. The causation element is intended to ensure that plaintiffs do not wrongfully benefit from the spoliation of evidence. In particular, courts must guard against plaintiffs who may be tempted to manufacture a spoliation claim out of an insignificant piece of missing evidence because they know that they cannot win their underlying suit.

The record in this case reveals that Miller filed a two-count complaint against Dr. Narendra K. Gupta, charging him with medical malpractice and spoliation of evidence. Among other things, Miller's first-amended complaint alleged that a podiatrist named Dr. William Hess told Miller that her foot problems may have resulted from medical malpractice committed by Gupta, and that he would need to see the X rays taken before and after her earlier surgery to determine if Gupta had committed malpractice. Miller's complaint further alleged that she was not able to obtain a certificate of merit for her medical malpractice action because the subject X rays had been destroyed. She therefore asserted that the destruction of the X rays had deprived her of any remedy obtainable under the medical malpractice count.

Gupta moved to dismiss the malpractice count pursuant to section 2—619 of the Civil Practice Law (735

ILCS 5/2—619 (West 1994)) because Miller failed to attach the required certificate of merit. Gupta also moved to dismiss the spoliation count under section 2—615 of the Civil Practice Law (735 ILCS 5/2—615 (West 1994)), claiming that he owed no duty to preserve the X rays. The trial court granted both motions, and this appeal followed. This concurrence addresses only the section 2—619 motion.

One of the enumerated grounds for a section 2—619 motion to dismiss is that the claim is barred by affirmative matter which avoids the legal effect of or defeats the claim (*Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 485-86 (1994)), such as for the failure to file a certificate of merit in a medical malpractice action (see 735 ILCS 5/2—622(g) (West 1994)). For purposes of deciding a section 2—619 motion, the court must accept as true all well-pleaded facts in the complaint and may consider all pleadings, depositions, and affidavits submitted by the parties. See *Zedella v. Gibson*, 165 Ill. 2d 181, 185 (1995).

Although the majority opinion does not clarify this point, for purposes of this appeal, we accepted as true all well-pleaded facts in Miller's complaint. It is important to note, however, that the allegations in Miller's complaint have never been subjected to adversarial testing and have never been adjudicated on the merits. As a result, in any subsequent action for negligent spoliation of evidence, Miller still bears the burden of establishing all the elements of that cause of action, including causation, and Gupta remains entitled to present relevant arguments and evidence in response.

In this appeal, Gupta mentions arguments that he may raise in a spoliation action against him. For example, Gupta suggests that other X rays of Miller's foot are available from another physician who treated Miller shortly before Gupta did. If this is indeed true,

and those X rays can substitute for those taken by Gupta himself, then the destruction of the subject X rays has not caused Miller to be unable to prove her underlying malpractice suit against Gupta. Gupta further submits that some of Miller's claims, *e.g.*, that Gupta failed to obtain Miller's consent to perform a certain medical procedure, have no relevance to the missing X rays. As noted above, Gupta is entitled to raise relevant arguments such as these in an action for negligent spoliation of evidence.

In summary, proof that a plaintiff's underlying medical malpractice claim was dismissed for failure to file a certificate of merit, standing alone, is simply not sufficient to fulfill the causation element of a negligent spoliation claim. This is because the issue of whether the defendant's loss or destruction of the evidence actually caused the plaintiff to be unable to prove the underlying malpractice suit remains to be determined on its merits.