ROBERT D. NATALE, Plaintiff-Appellant, v. GOTTLIEB MEMORIAL HOSPITAL *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—96—3446

Opinion filed September 19, 1997.

Ronald H. Balson and Kelly D. Hales, both of Hill, Gilstrap & Balson, of Chicago, for appellant.

Pretzel & Stouffer, Chartered, of Chicago (Charles F. Redden, Robert Marc Chemers, and Scott L. Howie, of counsel), for appellees.

JUSTICE SOUTH delivered the opinion of the court:

Plaintiff Robert Natale filed a two-count complaint seeking damages for emotional distress for his fear of infection due to the alleged medical negligence of the defendants, Dr. Gerard Sublette and Gottlieb Memorial Hospital (Gottlieb). Plaintiff's claims for emotional distress damages were dismissed on June 10, 1996. On September 10, 1996, after plaintiff's counsel admitted that plaintiff claimed no damages other than for emotional distress, the court dismissed the complaint with prejudice. This appeal followed.

On January 12, 1996, Natale filed a complaint for healing arts malpractice against defendants. Count I sought damages against Dr. Sublette; count II contained the same allegations found in count I and was directed to the hospital. Plaintiff alleged that Dr. Sublette performed a colonoscopy procedure on plaintiff on January 13, 1994, and that, through the negligence of the defendants, he was "invaded by a non-sterile, contaminated scope." As a consequence, plaintiff "was exposed to infections including Hepatitis A, B and C, HIV and other transmissible diseases." The complaint contended that plaintiff's damages include "extreme mental anguish."

On February 7, 1996, Gottlieb moved for dismissal in lieu of answer, pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615(b) (West 1994)). Citing *Doe v. Surgicare of Joliet, Inc.*, 268 Ill. App. 3d 793, 643 N.E.2d 1200 (1994), Gottlieb moved to dismiss plaintiff's claims for emotional distress due to his purported failure to allege actual exposure to any infection and a consequent likelihood of contracting an infection. Dr. Sublette moved subsequently to join Gottlieb's motion. Plaintiff filed a response, adding his unsigned affidavit in support of his claims of emotional distress. Gottlieb replied to plaintiff's arguments and objected to plaintiff's affidavit and references to facts and other particulars not found within the four corners of the complaint.

Defendants subsequently moved for dismissal of the entire com-

plaint. Plaintiff responded, conceding that his only claims were for emotional distress damages. The court heard the defendants' motion on September 10, 1996. After confirming that the only claims plaintiff was pursuing were for emotional distress, and plaintiff having made no motion for leave to amend the complaint, the court dismissed the complaint with prejudice against both defendants.

■ In considering a motion to dismiss, the trial court must accept as true all well-pleaded facts in the portion of the complaint being attacked. A trial court should grant a motion to dismiss a cause of action only when it is clearly apparent that no set of facts can be proven which will entitle a plaintiff to recover. *Doe v. Surgicare of Joliet, Inc.*, 268 Ill. App. 3d 793, 795, 643 N.E.2d 1200, 1202 (1994). This court must determine whether the facts alleged in the complaint, considered in the light most favorable to the plaintiff, establish a cause of action upon which the plaintiffs can recover. *Burdinie v. Village of Glendale Heights*, 139 Ill. 2d 501, 504, 565 N.E.2d 654, 657 (1990).

■ In a negligence action for medical malpractice, there must be a duty owed by defendant to the plaintiff, a breach of duty, an injury proximately caused by the breach, and resultant damages. *Reynolds v. Decatur Memorial Hospital*, 277 Ill. App. 3d 80, 85, 660 N.E.2d 235, 238 (1996).

■ This court must determine whether the allegations of the complaint sufficiently state a cause of action for medical negligence when the only damages are emotional distress arising from the fear of contracting the HIV virus. A dispute exists as to the standard to be applied in determining the circumstances under which emotional distress damages are recoverable by reason of a fear of contracting AIDS. The majority in *Doe v. Northwestern University*, 289 Ill. App. 3d 39 (1997), and one justice in *Majca v. Beekil*, 289 Ill. App. 3d 760 (1997) (McNulty, J.), have held that emotional distress damages are available for the time during which a plaintiff reasonably feared a substantial, medically verifiable possibility of contracting the infection. The majority in *Doe v. Surgicare of Joliet, Inc.*, 268 Ill. App. 3d 793, 643 N.E.2d 1200, and one justice in both *Northwestern*, 289 Ill. App. 3d 39 (DiVito, P.J., specially concurring) and *Majca*, 289 Ill. App. 3d 760 (DiVito, P.J., specially concurring), require actual exposure to the virus before a plaintiff may recover emotional distress damages based solely upon a fear of contracting AIDS. This case does not require us to choose between these two standards, however, as actual exposure to HIV clearly satisfies the condition precedent to recovery as articulated by the majority in *Northwestern*.

■ In moving to dismiss, the defendants charged that the plaintiff

failed to allege that he was "actually exposed to any infection or virus." However, paragraph 6 of count I of the plaintiff's complaint and paragraph 16 of count II both allege:

> "Plaintiff was invaded by a non-sterile, contaminated scope and *was exposed to infections* including Hepatitis A, B and C, and HIV and other transmissible diseases." (Emphasis added.)

It is clear from the language in plaintiff's complaint that he has alleged actual exposure to HIV and that the allegation must be taken as true in deciding whether he stated a good and sufficient cause of action.

Whether plaintiff can prove that he was exposed to HIV is not the question before this court. If defendants had wished to question whether facts exist to support plaintiff's allegations, they should have filed a motion for summary judgment under section 2—1005 of the Code (735 ILCS 5/2—1005 (West 1994)). However, this is not the course that defendants chose. They challenged the legal sufficiency of plaintiff's complaint under section 2—615 of the Code and, thus, admitted plaintiff's factual allegations for the purpose of their motion.

We find that plaintiff's complaint states a cause of action for emotional distress. We reverse the lower court's dismissal of plaintiff's complaint for failure to state a cause of action.

Reversed and remanded.

HOFFMAN and HOURIHANE, JJ., concur.