FOURTH DIVISION

June 30, 2000

No. 1-99-3941

ROBERT D. NATALE, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

) 

)

GOTTLIEB MEMORIAL HOSPITAL, ) Honorable

) Sharon Johnson Coleman and

) Julia Nowicki,

Defendant-Appellee. ) Judges Presiding.

JUSTICE SOUTH delivered the opinion of the court:

Plaintiff, Robert Natale, filed a two-count amended complaint seeking damages for medical negligence and spoliation of evidence against defendant, Gottlieb Memorial Hospital (Gottlieb).  Gottlieb filed a motion for summary judgment as to count I, medical negligence.  The trial court granted summary judgment on count I.

The case was scheduled for trial.  Prior to commencement of trial, Gottlieb filed a motion to dismiss count II, spoliation of evidence, pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 1993)).  The trial court granted the motion dismissing Natale's complaint for failure to state a cause of action and thereby dismissed the case in its entirety.

Plaintiff appeals the judgment of dismissal for count II and the prior summary judgment order for count I.

The issues presented for review are (1) whether the trial court erred in granting summary judgment to Gottlieb Memorial Hospital on plaintiff's fear-of-infection claim absent any evidence of actual exposure to infection; and (2) whether the trial court erred in dismissing plaintiff's spoliation of evidence claim for failure to state a cause of action.

On January 13, 1994, Natale underwent a colonoscopy.  The endoscope (scope) used in this procedure had been provided for the physician's use by Gottlieb.  These instruments typically undergo substantial cleaning and disinfection procedures, both by hand and machine, after every use in accordance with an established protocol.   On January 10, 1994, a water main break interrupted supply to the hospital and caused it to shut down its mechanical scope washer.  When the water supply was restored, the hospital  personnel flushed the machine of any possibly contaminated water by running it through a full cycle.  Since no scopes were being washed, a timer on one of the staged disinfection cycles was reduced from 10 minutes to 1 minute.  The timer was not readjusted before the machine was put back into use for scope cleansing.  

On January 14, 1994, the improper setting was detected by a GI Lab technician, who notified Dr. Gerard Sublette, the physician in charge of the GI Lab.  Dr. Sublette directed the hospital staff to clean and fully disinfect all scopes so that they might be used for upcoming procedures.  

Gottlieb's infection control personnel were also notified, and they assessed the risk of infection.   First, Gottlieb determined who had undergone procedures with incompletely processed scopes.   Natale was identified as one of the involved patients.  Next, Gottlieb's infection control team reviewed the medical records of these patients to determine whether any of them was a known or likely carrier of any infection.  The records disclosed that none of the patients were known to be positive for HIV, hepatitis or any other infection.  The infection control team, including its medical director, Dr. Donna Hanlon, a specialist in infectious diseases, considered the risk of transmission of infection in these circumstances and determined that it was quite small.    However, in follow-up calls to each patient, including Natale, Gottlieb inquired how they were feeling and the responses revealed no signs of infection in any of the patients.  The primary care physicians for all of the patients were told of the incident so that they could follow their patients and watch for any signs of infection.  In addition, Gottlieb concluded that the involved patients should be advised of the incident and offered free blood testing.

Natale was contacted by Gottlieb and came in for the offered testing.  In a personal meeting with Madilyn DiSalvo, Infection Control Coordinator, Natale was advised that the risk of infection was extremely low.  Natale received the blood testing, and the results were negative.  DiSalvo discussed the method of transmission of several infectious diseases with Natale, and she told him that HIV is sexually transmitted.  She advised him about the use of condoms for "safer sex."  Natale stated that DiSalvo told him to conduct his life as though he had been exposed to hepatitis and/or HIV.

Natale underwent periodic blood tests to determine whether or not he contracted HIV or another infection.  To date, Natale has not tested positive for HIV or any other infection.  

Plaintiff's original two-count complaint claimed emotional distress damages as the result of a possible exposure to infection.  Gottlieb moved to dismiss Natale's claim for emotional distress damages for failure to state a cause of action.  The court dismissed the emotional distress damages claims, and, on Gottlieb's subsequent motion, there being no other damages claimed, dismissed the entire complaint.  Plaintiff appealed to this court.  
Natale v. Gottlieb Memorial Hospital
, 292 Ill. App. 3d 512, 685 N.E.2d 971 (1997).   We reversed the dismissal of plaintiff's original complaint, holding that Natale had alleged sufficient facts of actual exposure.

On remand, discovery was initiated.  Plaintiff testified at his deposition that he had no evidence that he was actually exposed to any particular infection, and that his "fear" of possible infection, which was always related to HIV, ended in 1994, several months before the filing of his original complaint.  After considering the evidence, the lower court found that Natale had no evidence of actual exposure to any infection and granted the motion for summary judgment.

Prior to Gottlieb's filing of its motion for summary judgment, plaintiff filed an amended complaint which added a new count for spoliation.   The amended complaint alleged that when Gottlieb discovered that an endoscope used during plaintiff's procedure had not been properly sterilized, the scope contained evidence of those foreign microorganisms which were inserted into plaintiff's colon during the procedure.   Plaintiff asserted that Gottlieb breached a duty owed to him by not identifying the microorganisms and preserving the evidence.

Gottlieb moved for dismissal of count II of plaintiff's amended complaint, arguing that plaintiff did not and could not plead and prove the elements of the underlying claim for emotional distress, requiring dismissal of the spoliation claim.   The trial court, after argument, granted defendant's motion, dismissed count II of plaintiff's amended complaint, and the cause of action in its entirety.

This court's review of the judge's grant of summary judgment is 
de
 
novo
.  
Outboard
 
Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 102, 607 N.E.2d 1204 (1992).  Summary judgment is proper "where the pleadings, affidavits, depositions, admissions, and exhibits on file, when viewed in the light most favorable to the nonmovant, reveal that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  
Busch v. Graphic Color Corp.
, 169 Ill. 2d 325, 333, 662 N.E.2d 397, 402  (1996).

"Without proof of actual exposure to HIV, a claim for fear of contracting AIDS is too speculative to be legally cognizable."  
Majca v. Beekil
, 183 Ill. 2d 407, 420, 701 N.E.2d 1084, 1090 (1998).  An actual exposure requirement prevents an individual from recovering damages for fear of contracting AIDS when that fear is based on a lack of information or inaccurate information regarding the transmission of HIV.  
Majca
, 183 Ill. 2d at 420-21, 701 N.E.2d at 1090.

Question No. 4 of Gottlieb's request to admit stated the following:

“Plaintiff was never told by anyone that the scope used during the procedure performed by Dr. Gerard Sublette on Robert Natale actually carried any infectious organism, including any specific or particular virus such as HIV or hepatitis.”

Plaintiff, after objecting to the nature of the request, admitted that it was true.  Plaintiff also testified during his deposition that he had no evidence that he was actually exposed to HIV, hepatitis or any other infectious disease.  In addition, plaintiff has had a series of blood tests performed over a number of months testing for the presence of HIV and other infectious diseases, with negative results.  It is clear that plaintiff has no evidence of actual exposure to any infection at any time.

Plaintiff contends that the precautions that DiSalvo told him to follow, namely, to live his life as though he had been exposed to HIV, make changes in his lifestyle, coupled with his attempt to find out what substances were on the scope distinguishes his case from 
Majca
 and its companion case 
Doe v. Northwestern University
, 183 Ill. 2d 407, 701 N.E.2d 1084 (1998).  Therefore, plaintiff argues, this court should carve out a separate standard for cases such as his.

Majca
 involved an office medical worker, Eileen Majca, who had been cut by a scalpel that may have been used by a physician who subsequently died of AIDS-related illness.  Eileen did not attempt to find out whether the doctor knew who had used the scalpel or if he knew on whom the scalpel had been used.  The plaintiff filed a four-count complaint, alleging under count III negligent infliction of emotional distress, seeking damages for Eileen's fear of contracting AIDS as a result of the cut.  The defendants filed motions for summary judgment arguing that there was no evidence to show that Eileen was actually exposed to HIV or AIDS.  The judge granted summary judgment in favor of defendants on plaintiff's claim for fear of contracting AIDS.  The appellate court affirmed but could not agree on the standard for evaluating plaintiff's claim for fear of contracting AIDS.  Our supreme court held that a plaintiff must plead and prove that he was actually exposed in order to seek damages for a fear of contracting an infection.  
Majca
, 183 Ill. 2d at 421, 701 N.E.2d at 1090.

Doe v. Northwestern
 is factually similar to the present case.  In 
Doe
, plaintiffs had received treatment from a dental student who subsequently tested positive for HIV.  Defendant, by letter, advised plaintiffs of this fact along with explaining that the risk of infection was extremely low, but strongly recommended that plaintiffs be tested for the virus. Plaintiffs sued to recover damages for fear of contracting AIDS.  However, they did not allege that they were actually exposed to HIV.  The supreme court found that without an allegation of actual exposure to HIV, plaintiffs had failed to state a cause of action.  
Doe
, 183 Ill. 2d at 422, 701 N.E.2d at 1091.

Here, plaintiff was told that he underwent a colonoscopy with a scope which was not disinfected per Gottlieb's protocol.  Plaintiff was advised that the risk of infection was slight, that he should live his life as if infected until testing proved otherwise.  Since all test results were negative, plaintiff has failed to show any evidence of actual exposure to HIV or any other infectious disease.  With no evidence of actual exposure, summary judgment was properly granted.

Our supreme court has stated that:

“A requirement of actual exposure is an objective standard by which to evaluate claims for fear of contracting AIDS.  An objective standard helps to ensure stability, consistency, and predictability in the disposition of these claims.”  
Majca
, 183 Ill. 2d at 421, 701 N.E.2d at 1090.  

Plaintiff argues that the affidavit submitted by Dr. Lewis sufficiently raises the issue of actual exposure, thereby precluding dismissal of the complaint.  In that affidavit, Dr. Lewis states that “the human colon carries a huge array of pathogens that can be transmitted from one patient to another by means of an insufficiently disinfected endoscope” and that “Gottlieb broke Natale's tissue with a contaminated endoscope and exposed him to a host of microorganisms.  It is probable that the endoscope used on Natale was improperly disinfected and contained numerous kinds of pathogens, including bacteria, viruses fungi, parasites, and prions.  Some of these organisms could remain dormant and later become active within 10 years or more.”  He concluded by stating: “It is my opinion that Gottlieb's conclusion of no actual exposure is completely without basis in fact and is false.”  

While Dr. Lewis opines that there is a probability of exposure, he still does not state that there was actual exposure.  He does not state that the scope was in fact infected with pathogens.  At most, he establishes that a scope was used on plaintiff which may have contained pathogens.  The  fact remains that plaintiff has presented no evidence of “actual” exposure.  The standard set in 
Majca
 and 
Doe
 is actual, not probable or possible exposure.  Without that evidence, dismissal was proper.

Plaintiff next contends that the trial court committed error in dismissing his claim for negligent spoliation of evidence for failure to state a cause of action.  He argues that he has been precluded from showing actual exposure because the scope is no longer available for examination and testing based upon Gottlieb's actions.

When the legal sufficiency of a complaint is challenged by a motion to dismiss, all well-

pleaded facts in the complaint are taken as true.  
Dix Mutual Insurance Co. v. LaFramboise
, 149 Ill. 2d 314, 318, 597 N.E.2d 622, 624 (1992).  The question presented by a motion to dismiss for failure to state a cause of action is whether plaintiff has alleged sufficient facts in the complaint which, if proved, would entitle plaintiff to relief.  
Boyd v. Travelers Insurance Co.
, 166 Ill. 2d 188, 193, 652 N.E.2d 267, 270 (1995).
 

A negligence action for spoliation of evidence is predicated upon a breach of duty to preserve evidence.  
Cammon v. West Suburban Hospital Medical Center
, 301 Ill. App. 3d 939, 950, 704 N.E.2d 731, 739 (1998).  A plaintiff claiming negligent spoliation of evidence must plead the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, an injury proximately caused by the breach, and damages.  
Miller v. Gupta
, 174 Ill. 2d 120, 129, 672 N.E.2d 1229, 1233 (1996).  Plaintiff must allege sufficient facts to support a claim that the loss or destruction of evidence caused plaintiff to be unable to prove an otherwise valid underlying cause of action.  
Boyd
, 166 Ill. 2d at 196, 652 N.E.2d at 271.

Under 
Boyd
, in order to prevail on a spoliation of evidence claim, plaintiff must prove he suffered compensable damages as a result of the negligence in the underlying tort.

 As we have already indicated, plaintiff has failed to present any evidence of actual exposure to any infectious disease, and Dr. Lewis' affidavit, although a professional opinion, does not assist him.  Therefore, summary judgment was properly granted to Gottlieb on his fear of infection claim.  Since plaintiff cannot prove his fear of infection claim, he cannot prevail on his spoliation of evidence count.  Therefore, inasmuch as his fear of infection claim cannot be proven, plaintiff has failed to meet the requirements of 
Boyd
 in order to survive a dismissal for failure to state a cause of action.

Based upon the foregoing analysis, the judgment of the circuit court is affirmed.

Affirmed.

HALL, J., concurs.

BARTH, J., specially concurs in part and dissents in part.