2019 IL App (2d) 190054-U
No. 2-19-0054
Order filed February 13, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| LINDA AEMISEGGER, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 15-L-860 |
| | ) | |
| ADVOCATE CONDELL MEDICAL | ) | |
| CENTER & RICHARD CANER, M.D., | ) | Honorable |
| | ) | Mitchell L. Hoffman, |
| Defendant-Appellees. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Justices Jorgensen and Bridges concurred in the judgment.

**ORDER**

¶ 1 *Held*: The trial court properly dismissed plaintiff's count alleging breach of an implied or constructive bailment because plaintiff failed to plead facts establishing that defendant knew plaintiff expected the return of a medical device after it was surgically removed; the trial court properly dismissed plaintiff's count alleging spoliation of evidence because plaintiff failed to plead facts establishing that defendant owed plaintiff a duty to preserve the medical device due to an implied or constructive bailment; the trial court did not abuse its discretion by denying plaintiff leave to amend her pleading where the amended pleading did not cure a defective pleading; trial court affirmed.

¶ 2 This action was brought by plaintiff, Linda Aemisegger, against Advocate Condell Medical

Center (Condell), Dr. Richard Caner d/b/a Prairie Shore Pain Center, P.C and Illinois Pain Center,

P.C. ("Dr. Caner," collectively), and Medtronic, Inc. (Medtronic) to recover damages after plaintiff was implanted with a recalled Medtronic pain pump that was subsequently removed after it malfunctioned. On appeal, plaintiff argues that the trial court erred by dismissing her claims against Condell alleging a constructive bailment and spoliation of evidence and by denying plaintiff leave to file an amended complaint to add a claim against Condell alleging lack of informed consent. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4 On December 7, 2015, plaintiff filed a complaint against Medtronic and Condell. Plaintiff named Dr. Caner as respondent-in-discovery. Plaintiff's original complaint against Condell and Medtronic was dismissed without prejudice. Plaintiff filed her first amended complaint and, before the court could rule on motions to dismiss, filed a second amended complaint against Condell and Medtronic. The court dismissed plaintiff's second amended complaint against Condell without prejudice, but it dismissed plaintiff's claim against Medtronic with prejudice based on federal preemption. See 21 U.S.C. § 360k(a) (2012); *Riegel v. Medtronic, Inc.*, 552 U.S. 312, 315-16, 128 S. Ct. 999, 1003 (2008). Plaintiff filed her third amended complaint against Condell and included her count against Medtronic purportedly to preserve her right to appeal. Condell filed a motion to dismiss. Before the motion was heard, however, defendant filed her fourth amended complaint against Condell, Dr. Caner, and Medtronic. We accept these allegations as true for purposes of our review of the rulings on defendant's motion to dismiss. *Wackrow v. Niemi*, 231 Ill. 2d 418, 420 (2008).

¶ 5 Plaintiff's fourth amended complaint alleged the following. On June 3, 2013, the Federal Drug Administration (F.D.A.) issued a class I recall of the SynchroMed II Model 8637-20 infusion pain pump (pain pump) to prevent the device from being implanted into patients until defects could

be corrected. On July 9, 2013, Dr. Caner surgically inserted the recalled Medtronic pain pump into plaintiff's abdomen for chronic back pain. The pain pump failed to perform as intended, leaked, and caused an infection and necrotic tissue in plaintiff's body. The pain pump was removed on December 12, 2013, at Condell. In February 2014 plaintiff contacted the pathology department at Condell and requested the pain pump. At that time, plaintiff was told that the pain pump had been discarded following her December 12, 2013 surgery.

¶ 6 Count I alleged that Medtronic sold a defective and unreasonably dangerous product and failed to perform in an expected manner. The dismissal of this count is not challenged by plaintiff in this appeal.

¶ 7 Count II against Condell for breach of a constructive bailment, alleged that Condell knew that the pain pump had failed to perform as expected and caused plaintiff's infection. Condell sold plaintiff the pain pump. Condell took possession of the pain pump when it was removed from plaintiff in December 2013. Condell should have preserved the pain pump and returned it to plaintiff because it knew that it would be evidence relevant to future litigation. When plaintiff requested the pump from Condell's pathology department, she was told that it had been disposed of. Condell breached its duty to plaintiff by intentionally destroying the pump. Prior to the destruction of the pump, plaintiff had a reasonable probability of succeeding in a products liability case against Medtronic.

¶ 8 Count III against Condell alleged spoliation of evidence, namely the pain pump. Plaintiff alleged that a contractual relationship existed between plaintiff and Condell, for the bailment of the pain pump, which was plaintiff's property. Demand was made upon Condell for the return of plaintiff's pain pump. Condell knew or should have known that the pain pump was recalled by the F.D.A. prior to Condell selling the pain pump to plaintiff. Condell knew or should have known

that the pain pump caused injury to plaintiff. Condell knew or should have known that the pain pump was necessary evidence for plaintiff's cause of action against those who are liable for plaintiff's injuries. Plaintiff had a reasonable probability of succeeding in a lawsuit against Medtronic, Condell, and Dr. Caner. Condell's failure to "safe keep and return the Plaintiff's [pain pump] to her deprived the Plaintiff of her right to have the pump tested and analyzed by experts of her own choice testablish direct evidence, [and] the [role] the pump played in causing her injuries."

¶ 9 Count IV against Dr. Caner alleged lack of informed consent.

¶ 10 On February 14, 2017, the trial court granted Condell's section 2-615 motion to dismiss with prejudice and denied plaintiff's request for language pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). On May 10, 2017, the court denied plaintiff's motion to file a fifth- amended complaint. The fifth-amended complaint sought to impose a cause of action on Condell for lack of informed consent. On December 19, 2018, the court granted plaintiff's motion to voluntary nonsuit Dr. Caner and dismissed the action against Dr. Caner "without prejudice to refile." On January 16, 2019, plaintiff filed her notice of appeal.

¶ 11                                    II. ANALYSIS

¶ 12                         A. Dismissal of Fourth-Amended Complaint

¶ 13 Plaintiff argues that the trial court erred by dismissing with prejudice her fourth-amended complaint because she sufficiently alleged facts establishing spoliation and breach of an implied bailment.

¶ 14 A motion to dismiss under section 2-615 challenges the legal sufficiency of a complaint. *Cochran v. Securitas Security Services USA, Inc.*, 2017 IL 121200, ¶ 11. When ruling on a 2-615 motion, a court accepts as true all well-pled facts in the complaint, as well as any reasonable

inferences that may arise from them. *Id*. The essential question is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. *Id*. A cause of action should not be dismissed under section 2-615 unless it is clearly apparent from the pleadings that no set of facts can be proven that would entitle the plaintiff to recover. *Id*. We review *de novo* an order granting a section 2-615 motion to dismiss. See *id*.

¶ 15                                    1. Bailment

¶ 16  Plaintiff argues that she sufficiently alleged breach of an implied or constructive bailment.

¶ 17 "A bailment is the delivery of property for some purpose upon a contract, express or implied, that after the purpose has been fulfilled, the property shall be redelivered to the bailor, or otherwise dealt with according to his directions, or kept until he reclaims it." *American Ambassador Casualty Co. v. City of Chicago*, 205 Ill. App. 3d 879, 881 (1990). To properly plead the existence of a bailment the plaintiff must allege facts establishing: (1) an express or implied agreement to establish a bailment; (2) delivery of the property in good condition; (3) the bailee's acceptance of the property; and (4) the bailee's failure to return the property or the bailee's redelivery of the property in a damaged condition. *Longo Realty v. Menard, Inc.*, 2016 IL App (1st) 151231, ¶ 21.

¶ 18  Bailment involves a consensual relationship created by an express contract or implication of law. *Id*. ¶ 22. An implied-in-fact bailment depends on the surrounding facts, including benefits received by the parties, the parties' intentions, the kind of property involved, and the opportunity of each party to exercise control over the property. *Id*.

¶ 19 Here, plaintiff attempted to plead that an implied or constructive bailment had arisen between the parties. However, plaintiff's attempt was doomed because plaintiff failed to plead

facts establishing that Condell knew that she expected the return of the defective pain pump to her. Thus, the trial court properly dismissed plaintiff's bailment claim.

¶ 20                                          2. Spoliation

¶ 21 Next, plaintiff argues that the trial court erred by dismissing her spoliation claim against Condell.

¶ 22  To state a cause of action for the negligent spoliation of evidence, a plaintiff must plead  the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, an injury proximately caused by the breach, and damages. *Boyd v. Travelers Insurance Co.*, 166 Ill. 2d 188, 194-95 (1995). In reviewing the section 2-615 dismissal in the present case, we must address whether the complaint properly pled each of these elements. Generally, there is no common law duty to preserve evidence. *Id*. at 195.  In *Boyd*, our supreme court set forth a two-prong test that a plaintiff must meet in order to establish an exception to the general no-duty rule. *Id*. Under the first, or "relationship," prong of the test, a plaintiff must show that an agreement, contract, statute, special circumstance, or voluntary undertaking has given rise to a duty to preserve evidence on the part of the defendant. *Id*. Under the second, or "foreseeability," prong of the *Boyd* test, a plaintiff must show that the duty extends to the specific evidence at issue by demonstrating that "a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action." *Id*.

¶ 23 To establish the relationship prong of the two-prong duty test, plaintiff argues that it sufficiently pleaded a constructive or implied bailment.  Because we have determined that plaintiff failed to sufficiently plead that an implied or constructive bailment existed between the parties, plaintiff cannot establish that Condell owed her a duty to preserve the pain pump. Thus, the trial court properly dismissed plaintiff's spoliation count against Condell.

¶ 24 To support her argument, plaintiff notes that the section 2-622 physician's affidavit (see 735 ILCS 5/2-622 (West 2018)) stated that, "[Condell] had a duty to preserve the pain pump for analysis of the pump's role in the patient's injury." However, the question of whether a defendant owed a duty to a plaintiff to preserve evidence is a question of law for the court to determine. *Jackson v. Michael Reese Hospital & Medical Center*, 294 Ill. App. 1, 10 (1997) (citing W. Prosser, Torts, § 37, at 206 (4th ed. 1971) and Restatement (Second) of Torts § 328B, Comment b (1964)). Thus, the conclusory statement contained in plaintiff's section 2-622 physician's affidavit does not affect our determination that plaintiff failed to sufficiently plead facts establishing that Condell owed plaintiff a duty to preserve the pain pump.

¶ 25                    B. Denial of Leave to File Fifth Amended Complaint

¶ 26 In her argument titled "Informed Consent," plaintiff asserts that Condell had a duty to plaintiff to disclose that the pain pump was recalled before it sold the device to plaintiff. Plaintiff added this count to her fifth amended complaint, but the trial court denied plaintiff's motion for leave to file it.

¶ 27 Generally, amendments should be granted liberally, but a party's right to amend is not absolute or unlimited. *Kay v. Prolix Packaging, Inc.*, 2013 IL (1st) 112455, ¶ 41. The decision to grant or deny leave to amend a complaint rests within the sound discretion of the trial court, and its decision will not be reversed absent an abuse of that discretion. See *id*. "[The] court abuses its discretion [by denying leave to amend] if allowing the amendment furthers the ends of justice." *W.E. Erickson Construction, Inc. v. Chicago Title Insurance Co.*, 266 Ill. App. 3d 905, 911 (1994).

¶ 28 In determining whether to allow an amendment to the pleadings, the trial court considers the following factors: (1) whether the proposed amendment would cure a defect in the pleadings; (2) whether the proposed amendment would prejudice or surprise the other party; (3) whether the

proposed amendment is timely; and (4) whether there were previous opportunities to amend the pleading. *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992).

¶ 29 On appeal, plaintiff fails to set forth any arguments as to how the trial court abused its discretion in reaching its conclusions regarding any of the *Loyola Academy* factors in violation of Rule 341(h)(7). Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018); *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010); *Estate of Doyle*, 362 Ill. App. 3d 293, 301 (2005). Nevertheless, we cannot say the trial court abused its discretion when it denied plaintiff's leave to file her fifth amended complaint.

¶ 30 Plaintiff maintains that the duty to disclose that the pain pump was subject to a recall belonged to the seller, Condell, and that Condell had a duty to disclose to plaintiff and Dr. Caner. Plaintiff's fleeting, brief, conclusory argument is wholly deficient and violates Rule 341(h)(7) (eff. May 25, 2018). Rule 341(h)(7) requires that an argument "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." *Id*. "A reviewing court is entitled to have the issues clearly defined and supported by pertinent authority and cohesive arguments; it is not merely a repository into which an appellant may 'dump the burden of argument and research,' nor is it the obligation of this court to act as an advocate." *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459 (2009) (quoting *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993)). An issue not clearly defined and sufficiently presented fails to satisfy the requirements of Rule 341(h)(7) and is, therefore, forfeited. *Doyle*, 362 Ill. App. 3d at 301. Where, as here, the issue is "merely listed or included in a vague allegation of error [it] is not 'argued' and will not satisfy the requirements of the rule." *Vancura*, 238 Ill. 2d at 370. Furthermore, plaintiff presented the general law on the issue of informed consent: namely, that unlike a physician, a hospital generally has no duty to obtain informed consent from a patient. See, *e.g.*, *Obermeier v. Northwestern Memorial Hospital*, 2019 IL App (1st) 170553, ¶ 53. However, plaintiff failed to

cite to any case that related an exception to the general rule. Our independent research does not disclose a case that suggests that we should waive the forfeiture by plaintiff for failing to cite to relevant authority. Accordingly, the trial court did not abuse its discretion by refusing to allow the filing of the 5th Amended complaint.

¶ 31                                          III. CONCLUSION

¶ 32 For the reasons stated, we affirm the trial court's orders dismissing plaintiff's fourth amended complaint and denying plaintiff's leave to file a fifth amended complaint.

¶ 33 Affirmed.