2021 IL App (1st) 200152-U

FIRST DIVISION
March 1, 2021

No. 1-20-0152

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| ROSALYN McDONALD-HENRY, | ) | |
| | ) | |
|     Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | Appeal from the |
| | ) | Circuit Court of |
| DALE S. BRINK, D.P.M., Individually and as Agent of | ) | Cook County |
| PERFORMANCE FOOT & ANKLE CENTER, an | ) | |
| Illinois Limited Liability Company; INGALLS | ) | No. 16 L 1371 |
| MEMORIAL HOSPITAL, an Illinois Not-For-Profit | ) | |
| Corporation; and SVEND J. BJORN, D.P.M., as agent of | ) | The Honorable |
| Ingalls Memorial Hospital, | ) | Moira S. Johnson, |
| | ) | Judge Presiding. |
|     Defendants | ) | |
| | ) | |
| (Dale S. Brink; Performance Foot & Ankle; and Svend J. | ) | |
| Bjorn, Defendants-Appellees). | ) | |

JUSTICE PIERCE delivered the judgment of the court.
Presiding Justice Walker and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's entry of summary judgment in favor of defendants is affirmed. Plaintiff could not prevail in this professional negligence action without expert testimony, and she presented no other legal arguments on appeal that would warrant reversal of the circuit court's judgment.

¶ 2    Plaintiff, Rosalyn McDonald-Henry, appeals *pro se* from the circuit court's entry of summary judgment in favor of defendants, Dale S. Brink, Performance Foot & Ankle (Performance), and Svend J. Bjorn (collectively, defendants)[1] on plaintiff's professional negligence claims. We affirm the circuit court's judgment for the following reasons.

¶ 3                                    I. BACKGROUND

¶ 4    At the outset, we note that the statement of facts in plaintiff's appellate brief violates Illinois Supreme Court Rule 341(h)(6) (eff. May 25, 2018), which requires that the appellant's brief contain a separate section including "the facts necessary to an understanding of the case, stated accurately and fairly without argument, and with appropriate references to the pages of the record on appeal in the format as set forth in the Standards and Requirements for Electronic Filing the Record on Appeal." Here, plaintiff's statement of facts consists of a single paragraph and does not contain any citations to the record. We therefore disregard plaintiff's recitation of facts—and facts she alleges elsewhere in her brief that are not supported by citations to the record—and we will rely on the allegations set forth in the pleadings and the statement of facts in defendants' appellee brief.

¶ 5    Plaintiff, through counsel, filed a two-count complaint against defendants and made the following allegations relevant to this appeal. Prior to February 21, 2014, plaintiff consulted with Brink, a licensed podiatrist and employee of Performance, regarding pain in her left foot, and presented with pain and swelling in her left foot. Brink examined her feet and ankles and reviewed an MRI of her left foot and ankle. Brink diagnosed plaintiff with gastrocnemius equinus in her left ankle, calcaneal valgus in her left foot, and talonavicular joint arthritis with posterior tibial

---

[1]Ingalls Memorial Hospital was a defendant in the circuit court. In October 2019, the circuit court entered summary judgment in favor of Ingalls and made a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). Plaintiff did not appeal the summary judgment order in favor of Ingalls, and Ingalls is not a party to this appeal.

tendonosis in her left foot, and recommended surgery. Plaintiff agreed and consented to surgery. On February 21, 2014, Brink and Bjorn—a resident podiatric physician at Ingalls Memorial Hospital—performed a left foot gastrocnemius recession on plaintiff's left ankle, a calcaneal osteotomy on her left foot, and a tendon arthrodesis with navicular prominence on her left foot. Bjorn dictated a preoperative and postoperative diagnoses (the operative report). On February 24, 2014, Brink edited and signed the operative report. According to the complaint, defendants

> "a) carelessly and negligently performed the left foot/ankle surgery;
>
> b) carelessly and negligently reviewed and interpreted the left foot/ankle diagnostic images;
>
> c) carelessly and negligently misdiagnosed [plaintiff's] left foot and ankle condition;
>
> d) carelessly and negligently performed the clinical examinations and evaluations of [plaintiff's] left foot and ankle;
>
> e) carelessly and negligently failed to obtain or perform adequate and necessary pre-operative and intra-operative investigation and analysis to ensure that the procedures contemplated were appropriate for [plaintiff's] clinical presentation; and
>
> f) carelessly and negligently performed incorrect and medically unnecessary surgeries."

¶ 6    After the surgery, plaintiff experienced chronic pain in her left foot and ankle that was worse than her presurgical pain, and she required additional subsequent surgeries to correct defendants' mistakes, which were a proximate cause of her injuries. Attached to the complaint was plaintiff's counsel's affidavit pursuant to section 2-622 of the Code of Civil Procedure (735 ILCS

5/2-622 (West 2014)) stating that he had consulted with a licensed physician he believed to be knowledgeable in the relevant issues, and that there was reasonable and meritorious cause for plaintiff's complaint. The physician's report was also attached. Defendants answered the complaint and the parties engaged in discovery, including numerous depositions. In April 2019, plaintiff's counsel was permitted to withdraw, and plaintiff subsequently filed a *pro se* appearance.

¶ 7    Defendants moved for summary judgment on the basis that plaintiff advised the circuit court that she would not be identifying or calling at trial any controlled expert witnesses on her behalf, which was memorialized in an October 11, 2019, circuit court order. Defendants argued that, during their depositions, Brink and Bjorn both testified that they were familiar with and complied with the applicable standard of care in their treatment of plaintiff, and that they did not cause plaintiff any injury. Defendants further argued that absent any qualified expert testimony, plaintiff had no avenue of establishing that defendants deviated from the standard of care or that any deviation from the standard of care was a proximate cause of plaintiff's alleged injuries. The only competent and admissible evidence before the court established that defendants were entitled to judgment as a matter of law because plaintiff could not establish each element of her podiatric negligence claim.

¶ 8    The parties have not directed our attention to plaintiff's response to defendants' motion for summary judgment in the record on appeal. The transcript of the circuit court's hearing on defendants' motion for summary judgment, however, reflects that plaintiff filed two motions styled as motions for partial summary judgment, filed November 8, 2019, and December 3, 2019, which the circuit court treated as responses to defendants' motion for summary judgment. We have only been able to locate plaintiff's November 8, 2019, motion for partial summary judgment in the record. The motion essentially asserted that defendants admitted their negligence in their

4

depositions and in responses to requests to admit. The theory of plaintiff's motion was that there were inconsistencies between defendants' operative report and their testimony, and that defendants had admitted that plaintiff was diagnosed and treated for conditions that she did not have. Nothing in plaintiff's motion, however, directly addressed the issue raised in defendants' motion for summary judgment regarding the necessity of an expert witness to prove her claims. After a hearing, the circuit court entered summary judgment in favor of defendants. Plaintiff filed a timely notice of appeal.

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, plaintiff's appellate brief identifies eight issues for our review, but the substance of her brief focuses on three issues: whether (1) defendants failed to preserve evidence because Brink edited Bjorn's original operative report; (2) defendants admitted their negligence because they operated on plaintiff for conditions that she did not have; and (3) the circuit court entered an "unconstitutional" protective order preventing her from disseminating discovery materials. In the course of making these three arguments, plaintiff asserts that she did not need any expert testimony to establish her negligence claims because defendants admitted their negligence and that a reasonable jury could conclude without expert testimony that defendants' deviations from the standard of care proximately caused her injuries, resulting in damages. Overall, plaintiff's arguments are disjointed and at times difficult to follow, given her failure to provide us with an adequate statement of facts. We will, however, attempt to address her arguments in a logical fashion.

¶ 11    We begin by addressing plaintiff's argument that defendants admitted their negligence and therefore she could prevail on her negligence claims without presenting any expert testimony on the issues of the standard of care, breach, and proximate cause. We disagree.

¶ 12   Summary judgment is appropriate if the pleadings, depositions, affidavits, and other admissions on file establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2018); *Cohen v. Chicago Park District*, 2017 IL 121800, ¶ 17. The purpose of summary judgment is not to try a question of fact, but rather to determine whether one exists. *Robidoux v. Oliphant*, 201 Ill. 2d 324, 335 (2002). "In determining whether a genuine issue of material fact exists, the court must construe the pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the nonmovant." *West Bend Mutual Insurance Co. v. DJW-Ridgeway Building Consultants, Inc.*, 2015 IL App (2d) 140441, ¶ 20. We review a circuit court's ruling on summary judgment *de novo*. *Standard Mutual Insurance Co. v. Lay*, 2013 IL 114617, ¶ 15.

¶ 13   As previously noted, plaintiff's argument is disjointed and often lacks context. She argues that defendants' deviation from the standard of care "is apparent" based on Brink's and Bjorn's deposition testimony and she makes the following assertions. She consented to treatment for "left foot Gastrocnemius recession, left ankle, Calcaneal osteotomy, and a tendon arthodesis with navicular prominence, left foot," but Brink testified at his deposition that plaintiff did not have any arthritis in her foot or ankle. She argues that the "procedure performed *** was not included in the medical records as it relates to [plaintiff's] left foot operation." In January 2014, Brink recommended "Talonavicular fusion for arthritis" but admitted at his deposition that plaintiff did not have talonavicular arthritis and stated that "that was a mistake by the resident *** in the dictation I didn't correct it [*sic*], but primarily the decision was made based on the functional outcomes." Brink further testified that talonavicular arthritis was reflected in both the preoperative and postoperative diagnoses, but asserted that:

"these records are prepared just based on *** the general findings after the procedure. They're not prepared in *** preparation for a deposition. And going through each individual thing, not planning on being sued, you know, sometimes there may be slight inaccuracies in *** the record, and that doesn't *** change *** the treatment or the care of the patient, and then taking reasonable care to provide the patient with the best care we can. The records are secondary to that."

Plaintiff contends that "[w]hen a patient does not have the condition diagnosed, lay persons could determine the procedure performed was not an implicit part of the procedure." She asserts that Bjorn's "findings consistent with the diagnosis of calcaneus valgus, is grossly impossible" because, according to plaintiff—who is not a podiatrist—"[c]alcaneus valgus is a condition common in children born with foot deformities, which in turn leads to calcaneal osteotomy and a need for corrective surgeries with this deformity." She asserts that the "[t]he purpose of charting accurately from a legal perspective is to record the accuracy of care given to a patient."

¶ 14    She further asserts that Brink diagnosed her as having a fallen arch due to a tear in her left foot and that she consented to a repair of her posterior tibial tendon, but Brink testified that, during the surgery, he observed "thickening of the tendon, but no direct tears." She then proceeds to offer an unqualified opinion that "[p]osterior tibial tendon surgery is a way to fix a tendon at the back of your calf which travels down the inside of your ankle into your foot" and that "these tendons can be torn or inflamed from an injury." She contends that she did not suffer an injury to her left foot, but simply had on and off swelling since 1998.

¶ 15    Plaintiff's argument lays bare that expert testimony was indeed necessary for her to establish defendants' liability. To prevail in a medical negligence claim, the plaintiff must prove

the standard of care to which the defendant medical professional is held, that the defendant deviated from the standard of care, and that the deviation proximately caused the plaintiff an injury. *Wiedenbeck v. Searle*, 385 Ill. App. 3d 289, 292 (2008). "Generally, expert testimony is required to support a medical malpractice claim because the assessment of the alleged negligence may require knowledge, skill or training in a technical area outside the comprehension of laypersons." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 93. " 'Expert testimony is necessary whenever jurors who are not skilled in the practice of medicine would have difficulty, without assistance of medical evidence, in determining any lack of necessary scientific skill on the part of a medical professional.' " *Id.* (quoting *Schindel v. Albany Medical Corp.*, 252 Ill. App. 3d 389, 395 (1993)).

¶ 16    Here, plaintiff needed to present expert testimony to prevail on her claims because whether the surgical procedures were necessary and whether defendants exceeded the parameters of the surgery to which plaintiff consented are issues that an ordinary juror would not understand. See *id.* ¶ 88 (finding that whether a podiatrist "exceeded the parameters of the surgery to which plaintiff consented is beyond the ken of a layperson, and it requires a medical expert to opine on whether cutting tendons is part and parcel of the *** procedure."). Plaintiff's claims here are essentially that defendants misdiagnosed her condition, proceeded with unnecessary medical procedures, and failed to properly chart the surgery. Plaintiff's purported understanding of the procedures and when they are necessary is not a substitute for a medical opinion on the propriety of defendants' conduct. Without a medical expert to offer testimony regarding the applicable standard of care, to opine as to whether defendants' conduct fell short of that standard, and to establish a causal link between defendants' negligence and plaintiff's injuries, plaintiff could not prevail on her negligence claims. The circuit court did not err by entering summary judgment in favor of defendants where plaintiff

steadfastly indicated that she would not be identifying any controlled medical experts or eliciting any medical expert testimony at trial.

¶ 17    We also note that plaintiff advances arguments related to medical battery and informed consent, but those claims were never pleaded in her complaint or supported by the section 2-622 report attached to her complaint. Regardless, she would have needed expert testimony on those claims to establish that defendants' conduct exceeded her consent to the surgery and rose to level of medical battery. *Id.* ¶ 88.

¶ 18    Next, plaintiff argues that defendants failed to adequately preserve records because, on February 24, 2014, Brink edited and signed the operative report that Bjorn dictated on February 21, 2014. She contends that the original, unedited operative report should have been included in her chart because she believes that the unedited report "posed a threat to" Brink, although she fails to articulate what information she believes was edited out of the report. Plaintiff fails to cite any evidence in the record that might tend to show that Brink's edits to the operative report were improper, and therefore her argument on appeal is nothing more than conjecture. She cites no authority to suggest that the circuit court should have, as a matter of law, entered judgment in her favor due to any alleged spoliation of evidence. Plaintiff theoretically could have pursued a negligent spoliation claim under traditional negligence law (*Boyd v. Travelers Insurance Co.*, 166 Ill. 2d 188, 192-93 (1995)), or discovery sanctions under Rule 219(c) (eff. July 1, 2002) based on an alleged destruction of evidence, but she did not. Instead, she baldly asserted that the edits themselves were evidence of wrongdoing. She marshalled no evidence to support her claim and does not direct us to any other evidence in the record that might lead us to conclude that she was entitled to any relief on this basis. We can discern no basis for disturbing the circuit court's

judgment based on plaintiff's unsupported argument that defendants engaged in any wrongdoing with respect to the operative report.

¶ 19    Finally, plaintiff argues that the circuit court entered an unconstitutional protective order prohibiting her from disseminating discovery responses, deposition transcripts and exhibits, and video of depositions to the public. Defendants apparently sought the protective order because plaintiff disclosed discovery responses and Brink's depositions to government agencies, including the FBI and the Illinois Attorney General's Office, as part of her allegations to those entities that Brink had engaged in fraud. Plaintiff fails to develop a coherent argument on this issue or offer a legal argument as to how the entry of the protective order prejudiced her in any manner. She has therefore forfeited this argument (Ill. S. Ct. R. 341(h)(7)), and we cannot discern any basis for granting plaintiff any relief.

¶ 20    Plaintiff's appellate brief identifies and discusses numerous other tangential issues that we have considered, none of which merit discussion, as they do not affect our analysis of the circuit court's judgment.

¶ 21                                III. CONCLUSION

¶ 22    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 23    Affirmed.